SWANN, Judge.
Jefferson National Bank of Miami Beach seeks to take appeals from two separate orders entered by the trial court in a garnishment proceeding. They have been consolidated for appellate purposes.
The first order states: “That plaintiff’s Motion for Final Judgment against Garnishee, CLOVERLEAF HOSPITAL, INC. be and the same is hereby denied.” As this proceeding is one at law, this is not an appealable order. See Altiere v. Atlantic Nat. Bank of West Palm Beach, Fla.App.1963, 155 So.2d 386. This order simply' denied a motion. It is interlocutory in that the judicial labors obviously have yet to come at end, and it is therefore not yet subject to appeal.
In the second order, the court entered a final judgment as to attorney’s fees against the garnishor for services rendered by the garnishee’s attorney up to and including the above order.
Section 77.28, Florida Statutes, F.S.A., provides, in part:
* * * * * *
“ * * * Upon the rendering of a final judgment in any such proceeding in which a writ of garnishment shall be issued, the court shall determine a sum that should be awarded to the garnishee for his costs and expenses in said cause, including a reasonable attorney’s fee, and such amount shall be taxed in said cause in the same manner that other court costs are taxed, and shall be paid accordingly. * * *”
Under this statute, attorney’s fees should be awarded upon the rendering of the final judgment in garnishment and not before.
Accordingly, the order denying a final judgment cannot be appealed at this time, and the judgment as to the fees for the garnishee’s attorney is reversed. We therefore remand for further proceedings in order that an ultimate determination on the merits may be reached.