400 So.2d 558 (1981)
BACHE, HALSEY, STUART, SHIELDS, INCORPORATED, a Foreign Corporation Authorized to Do Business in Florida, Appellant,
v.
Victor MENDOZA, Appellee.
No. 80-1933.
District Court of Appeal of Florida, Third District.
July 1, 1981.
Fowler, White, Burnett, Hurley, Banick & Strickroot and Curtis Carlson, Miami, for appellant.
Ginsberg & Goldman, North Miami Beach, and Albert Wilensky, Miami, and Daniel L. Ginsberg, North Miami Beach, for appellee.
Before HENDRY, NESBITT and BASKIN, JJ.
BASKIN, Judge.

ON MOTION FOR REHEARING
Subsequent to the entry of our order of May 5, 1981, 397 So.2d 1011, dismissing an appeal from an order granting a motion to vacate a default, we granted rehearing. Upon rehearing we now vacate our order of dismissal, withdraw our mandate, and reinstate the appeal as appropriate under Florida Rule of Appellate Procedure 9.130(a)(4). According to Committee Notes: "Other non-final orders entered by a lower tribunal after final order are reviewable and are to be governed by this rule. Such orders include, for example, an order granting a *559 motion to vacate default." The appeal was from an order granting Defendant's Motion to Set Aside Default and Final Judgment, see Yates v. Roller Skating Rinks, Inc., 379 So.2d 1333 (Fla. 5th DCA 1980), and was therefore proper.
We have reviewed the merits of the parties' contentions presented in their briefs and at oral argument, and we find no error committed by the trial court in setting aside default judgment.
Section 48.031(1), Florida Statutes (1979) permits service of original process to be made by leaving copies with any person fifteen years or more who resides at the usual place of abode of the person to be served and "informing the person of their contents." The deputy sheriff did not recall explaining to Mrs. Mendoza the contents of the papers he left. Mrs. Mendoza testified at her deposition that service consisted solely of a knock on the door, a man saying "Mendoza", and delivery of papers, the contents of which she did not understand. Under these circumstances, we find no compliance with section 48.031(1), and we affirm the trial court's order setting aside default judgment.