401 So.2d 1166 (1981)
BARNETT BANK OF BROWARD COUNTY, a Florida Banking Corporation, Appellant,
v.
Jay TABATCHNICK and Marilyn Tabatchnick, His Wife, and Bruce Tabatchnick and Meryl Tabatchnick, His Wife, and First National Bank of Hollywood, a Banking Corporation, Appellees.
No. 80-1647.
District Court of Appeal of Florida, Fourth District.
August 5, 1981.
Chad P. Pugatch of Cooper, Shahady, Frazier & Pugatch, Fort Lauderdale, for appellant.
Gary M. Farmer and Jack F. Weins of Abrams, Anton, Robbins, Resnick, Schneider & Mager, P.A., Hollywood, for appellee First Nat. Bank of Hollywood.
OWEN, WILLIAM C., Jr., Associate Judge.
The substantive appellate issue presented is whether the court erred in denying a judgment creditor's motion for judgment in garnishment against the garnishee bank, appellee herein. We are unable to reach this question because of lack of jurisdiction.
Appellant, a judgment creditor, caused writ of garnishment to be issued and served upon appellee, the garnishee, whose answer to the writ disclosed that it held certain assets of the defendants but against which it claimed a setoff in excess of the value of the property held by it. Appellant filed no reply to the garnishee's answer, but instead filed a motion for judgment in garnishment. After a hearing on that motion the court entered the order herein sought to be reviewed which simply stated that the garnishor's motion for judgment in garnishment "... be, and the same is hereby denied."
While this appeal was pending, appellee filed a motion to dismiss for lack of jurisdiction. We elected to defer ruling on the motion, requesting that counsel address that issue at the time of presenting oral argument on the merits. We have concluded that we do not have appellate jurisdiction and that the appeal should be dismissed.
Garnishment, while ancillary in nature, is nonetheless a separate and distinct proceeding which in its present statutory form, requires service of writ and permits service of an answer by the garnishee, a reply by the plaintiff, a motion to dissolve by the defendant, and affidavits on behalf of any third person claiming the garnished property. Each has certain definite procedural consequences, some provide for a trial or hearing in one form or another, and all contemplate ultimate entry of final judgment which terminates the writ, either by discharging the garnishee from further liability under the writ or by awarding judgment in favor of the judgment creditor against the garnishee.
The order under review here is neither a final appealable order under Florida Rule of Appellate Procedure 9.110, nor an appealable non-final order under Rule 9.130(a)(3) or (4). Jefferson National Bank of Miami Beach v. Cloverleaf Hospital, Inc., 194 So.2d 287 (Fla. 3d DCA 1967). The court simply lacks jurisdiction. Atria v. Anton, 379 So.2d 462 (Fla. 4th DCA 1980).
Dismissed.
DOWNEY and BERANEK, JJ., concur.