406 So.2d 1225 (1981)
Ruth N. MOGUL, Appellant,
v.
Aaron FODIMAN, etc., et al., and Max A. Mogul, Etc. et al., Appellees.
No. 81-1047.
District Court of Appeal of Florida, Fifth District.
December 2, 1981.
*1226 Kenneth D. Morse and Janet E. Messervey of Matthias & Matthias, Orlando, for appellant.
Davisson F. Dunlap of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Orlando, for appellees.

ON MOTION TO DISMISS
ORFINGER, Judge.
The issue presented by the motion to dismiss is whether, in supplementary proceedings[1] following entry of a final judgment, an order denying a motion for protective order is appealable under Florida Rule of Appellate Procedure 9.130(a)(4) (1977).
In the supplementary proceedings, the judgment creditor sought to take the deposition of appellant, the judgment debtor's wife, and requested production of numerous documents by means of a subpoena duces tecum. The appellant filed a motion for protective order which was denied after hearing, and this appeal followed.
Appellee says that the order in question is not among those non-final orders reviewable by appeal under Florida Rule of Appellate Procedure 9.130(a)(3). In proceedings prior to entry of final judgment, that position is correct. See Briggs v. Salcines, 392 So.2d 263 (Fla.2d DCA 1980). However, appellant points to subsection (a)(4) of the rule[2] which she contends makes this order appealable as an order or an authorized motion entered after final order. Rule 9.130(a)(4) appears broad enough to permit an appeal from the order in question. This is clearly a "non-final order entered after final order on [an] authorized [motion]."
By analogy, an order setting aside a default before judgment was entered has been held not appealable under this rule,[3] but an order vacating a default and the final judgment based on it has been appealable under the section in question.[4] Appellee says that the distinction should be made between orders which affect the validity of the final judgment and those which do not, and while that would be a logical distinction, the clear language of the rule does not appear to be that restrictive.
The motion to dismiss the appeal is denied.
MOTION DENIED.
DAUKSCH, C.J., and FRANK D. UPCHURCH, Jr., J., concur.
NOTES
[1] § 56.29, Fla. Stat. (1979).
[2] Fla.R.App.P. 9.130(a)(4):

Non-final orders entered after final order on motions which suspend rendition are not reviewable; provided that orders granting motions for new trial in jury and non-jury cases are reviewable by the method prescribed in Rule 9.110. Other non-final orders entered after final order on authorized motions are reviewable by the method prescribed by this rule. (emphasis added).
[3] Yates v. Roller Skating Rinks, Inc., 379 So.2d 1333 (Fla. 5th DCA 1980).
[4] Bache, Halsey, Stuart, Shields, Inc. v. Mendoza, 400 So.2d 558 (Fla.3d DCA 1981).