408 So.2d 597 (1981)
LARGO HOSPITAL OWNERS, LTD., Appellant,
v.
David GORMAN, Trustee in Bankruptcy for International Glass and Manufacturing Co., Inc., Appellee.
No. 81-1410.
District Court of Appeal of Florida, Second District.
December 2, 1981.
Rehearing Denied January 8, 1982.
*598 John W. Puffer, III, and Mark P. Buell of Shackleford, Farrior, Stallings & Evans, P.A., Tampa, for appellant.
Walter D. Logan, St. Petersburg, for appellee.
GRIMES, Acting Chief Judge.
This is an appeal from a nonfinal order requiring a defendant to produce an out-of-state resident for deposition in aid of execution. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(4).
International Glass and Manufacturing Company, Inc., foreclosed a mechanic's lien against Largo Hospital Owners, Ltd., a Florida limited partnership, and obtained a judgment against a surety company for $96,550.59. It then obtained a judgment of $35,000.00 for attorney's fees and costs against Largo. In the meantime, however, Largo was dissolved, and the latter judgment remains unpaid.
In aid of execution, International Glass noticed the taking of the deposition in Tampa of the designated representative of Largo having knowledge of the financial aspects of the dissolved limited partnership. Largo moved for a protective order, asserting, among other things, that there were no representatives of the corporate general partner in the area and that none of the former limited partners who resided in the area had indicated that they would voluntarily appear. Largo suggested that the most appropriate person to testify regarding the matters described in the notice of deposition was Leon Hamlin, president of the corporate general partner who resides in Santa Monica, California. It offered to make him available for his deposition in California. The court denied Largo's motion for a protective order and required Hamlin to be made available for deposition in Pinellas County.
Largo contends that since it never sought affirmative relief in the suit, the court could not require its representative to travel to Florida to give a deposition. In Madax International Corp. v. Delcher Intercontinental Moving Services, Inc., 342 So.2d 1082, 1084 (Fla. 2d DCA 1977), this court said:
Absent extraordinary circumstances not shown to exist in this record, the deposition of a nonresident officer of a nonresident corporate defendant which is not seeking affirmative relief should be taken at the deponent's place of residence.
The question before us, then, is whether the record in this case reflects sufficient extraordinary circumstances to justify the court's *599 exercise of its discretion in ordering Mr. Hamlin to come to Florida for his deposition. We believe that it does.
One significant factor is that, unlike the ordinary case involving prejudgment depositions, International Glass's claim has already been determined to be valid. Thus, the deposition is being sought in aid of execution on the judgment. Yet, if this were the only factor, our decision might conflict with Godshall v. Hessen, 227 So.2d 506 (Fla. 3d DCA 1969), cert. denied, 237 So.2d 530 (Fla. 1970), which involved the deposition of a nonresident director of a dissolved corporation in aid of execution. Here, however, Largo has had substantial contacts with Florida. It undertook to build a hospital, albeit unsuccessfully, and then dissolved, leaving unpaid International Glass's claim for materials furnished in the construction. Several of the limited partners were Florida residents, and Largo, itself, was chartered under the laws of Florida. Even the corporate general partner appears to be a Florida corporation. It just happens that the man who knows most about Largo's finances lives in California. Under these circumstances, it seems fair that International Glass, which only seeks to collect what a court has already determined to be owing, not be required to incur the additional expense of travelling to California for the deposition.
The cross-appeal from an order limiting the scope of certain interrogatories is without merit.
AFFIRMED.
OTT and DANAHY, JJ., concur.