431 So.2d 729 (1983)
Leila STRAHL, Appellant,
v.
Martin STRAHL, Appellee.
No. 82-2156.
District Court of Appeal of Florida, Third District.
May 24, 1983.
Hall & O'Brien and Richard F. O'Brien, III, and Lewis R. Cohen, Miami, for appellant.
Eleanor Levingston Schockett, Miami, for appellee.
Before BARKDULL, HUBBART and NESBITT, JJ.
*730 NESBITT, Judge.
This is the second appearance of this case before this court. When it was first here, we affirmed final and interlocutory orders, Strahl v. Strahl, 394 So.2d 243 (Fla. 3d DCA 1981) (Case Nos. 80-1570 and 81-275, respectively) relating to the husband's petition to enforce a New York child custody decree pursuant to the Uniform Child Custody Jurisdiction Act, Sections 61.1302-.1348, Florida Statutes (1979) (UCCJA). The trial court's order granting the husband's petition reserved jurisdiction to award the husband's attorneys' fees pursuant to Section 61.1332(2), Florida Statutes (1979). Compare Jackson v. Jackson, 390 So.2d 787 (Fla. 1st DCA 1980). As the case proceeded in this regard after our affirmance, the wife sought to take the husband's deposition for the purpose of ascertaining his financial abilities. To the notice of taking deposition the husband interposed a motion for protective order, which was granted. This interlocutory appeal after final judgment ensued. We have jurisdiction. Fla.R.App.P. 9.130(a)(4).
The sole issue for our determination, and one of first impression in this jurisdiction, is whether there is any relevance to the financial circumstances of the party entitled to attorneys' fees under Section 61.1332(2). See Fla.R.Civ.P. 1.280(b)(1).
Section 61.1332(2) provides:
A person violating a custody decree of another state which makes it necessary to enforce the decree in this state may be required to pay necessary travel and other expenses, including attorneys' fees, incurred by the party entitled to the custody or his witnesses.
Obviously, the statute lacks any direct reference to the consideration of the financial resources of the parties. Compare § 61.16, Fla. Stat. (1979). Nonetheless, the wife argues that the use of the word "may" in Section 61.1332(2) accords the trial court discretion to award a reasonable fee and that this discretion cannot be exercised properly unless evidence of the husband's financial situation is presented.
While we recognize the soundness of the first part of this proposition, see Pitts v. Sutter, 408 So.2d 105, 113 (Ala. Civ. App. 1981) (under Alabama's counterpart to Section 61.1332(2) the trial court's discretion applies as to what amount constitutes a reasonable fee), the financial circumstances of the parties is not necessarily a factor to be considered in determining the reasonableness of attorneys' fees. See Fla.Bar Code Prof.Resp., D.R. 2-106(B)(1)-(8).[1] Moreover, an examination of the stated purposes of the UCCJA convinces us there is no reason to permit a foray into the financial circumstances of the non-errant spouse. Two such purposes are the avoidance of jurisdictional competition which has in the past resulted in the shifting of children from state to state and the deterrence of abductions and other unilateral removals of children.[2] § 61.1304(1), (5), Fla. Stat. (1979). Section 61.1332(2) provides a useful tool for carrying out these purposes by enabling the courts to place the financial burden of the enforcement of a custody decree on the wrongdoer. The focus of an inquiry in that regard has nothing to do with the *731 financial ability of the non-errant spouse. In light of the goals of the UCCJA, we decline to expand this focus.
Before we conclude, however, we must discuss a point inexplicably overlooked by the parties, but one requiring our treatment. Section 61.16, which expressly provides for consideration by the trial court of the parties' financial resources, states that it is operative with regard to any proceeding under Chapter 61. The UCCJA is of course part of Chapter 61, and yet it has its own attorneys' fees provision, Section 61.1332(2). Therefore, we must decide whether Section 61.16 is to be given concurrent effect in UCCJA cases.
Section 61.1332(2) was enacted after Section 61.16, compare Ch. 77-433, § 16, Laws of Fla. with Ch. 71-241, § 17, Laws of Fla., and applies specifically to cases involving the enforcement of foreign custody decrees; whereas Section 61.16 applies generally to Chapter 61 proceedings, "including enforcement and modification proceedings." The policy underlying Section 61.1332(2) is to deter the type of conduct exhibited by the wife in this case, namely, removing children from one jurisdiction to another in violation of a valid custody decree. The policy underlying Section 61.16 is to ensure that both parties have a similar financial ability to secure competent legal counsel. Broudy v. Broudy, 423 So.2d 504 (Fla. 3d DCA 1982); Patterson v. Patterson, 399 So.2d 73 (Fla. 5th DCA 1981).
When conflicting policy makes it impossible to permit the full reach of two acts, effect must be given to the later, more specific expression of legislative will. Marston v. Gainesville Sun Publishing Co., 341 So.2d 783 (Fla. 1st DCA 1976), cert. denied, 352 So.2d 171 (Fla. 1977). Clearly, if Section 61.16 is permitted its full reach, in many cases the innocent spouse would be forced to pay attorney's fees simply due to a superior financial position. This would be in total derogation of the paramount policy considerations of the UCCJA. Consequently, only Section 61.1332(2) as the later, more specific expression of the legislative will is to be given effect when attorneys' fees are awarded under the UCCJA.
For the foregoing reasons, we hold that the financial circumstances of the non-errant spouse are irrelevant and therefore not discoverable in proceedings involving the award of attorneys' fees pursuant to Section 61.1332(2) of the UCCJA. We recognize, however, that the award of a fee which a party cannot pay is per se unreasonable and thus the trial court has the discretion to either decline to make an award or to reduce the amount arrived at should it be shown that the wife's financial resources are limited. Pitts v. Sutter, supra.
Affirmed.
NOTES
[1] It might be argued that D.R. 2-106(B)(4), which speaks to the amount involved in a suit and the results obtained, makes relevant the value of legal services to the particular client and that, as a result, his or her relative wealth becomes relevant. For example, a $5,000 damages recovery might not be worth as much to a millionaire as it would to one not so fortunate. In a child custody case, however, the value of an appropriate decree does not rise and fall with the fortune of the party seeking to enforce it.
[2] The justification for a preventive measure with these stated goals is found in the statistics on the subject of parental child abductions. Estimates range from 25,000 to 100,000 as to the number of such abductions occurring in this country per year. Frumkes & Elser, The Uniform Child Custody Jurisdiction Act, the Florida Experience, 53 Fla.Bar J. 684 (1979). In the particular case before us the wife already had custody of the children, but, pursuant to the New York custody decree, was required to maintain their residence within a 50-mile radius of New York City in order to facilitate the husband's visits. She violated the decree when she brought the children to Florida, necessitating the proceedings for which attorneys' fees are sought.