PER CURIAM.
This is an appeal from an order entered subsequent to final judgment in a marriage dissolution action. ■ Contrary to the appellee’s contention, we have jurisdiction to entertain this appeal as an appeal from an order entered after final judgment under Article V, Section 4(b)(1) of the Florida Constitution, as implemented by Fla.R. App.P. 9.130(a)(4). We accordingly deny the appellee’s motion to dismiss the appeal.
On the merits, we are compelled to reverse the order under review. The trial court, without dispute, entertained an independent breach of contract action filed below by the former wife, Marianne Planes, against her former husband, William Peter Planes, as a post-judgment matter in a marriage dissolution proceeding. The breach of contract claim arose out of an agreement entered into by the parties six months after the final judgment of marriage dissolution was entered. The final judgment contained no reservation of jurisdiction to entertain such a claim. We therefore conclude that the trial court had no jurisdiction to entertain this claim in the marriage dissolution proceeding below. The claim should have been filed as an independent action unconnected with the marriage dissolution proceeding. We, accordingly, reverse the order under review which adjudicates the breach of contract claim in favor of the former wife, Marianne Planes, for lack of jurisdiction to enter such an order. Neal v. Neal, 403 So.2d 621 (Fla. 5th DCA 1981), pet. for review denied sub. nom, Jones v. Neal, 412 So.2d 467 (Fla.1982); Jennings v. Jennings, 341 So.2d 541 (Fla. 2d DCA 1977); Elkins v. Elkins, 287 So.2d 119 (Fla. 3d DCA 1973); Mintz v. Ellison, 233 So.2d 156 (Fla. 3d DCA 1970); see also Superior Uniforms, *661 Inc. v. Brown, 221 So.2d 214, 215 (Fla. 3d DCA 1969).
Reversed and remanded.