HURLEY, Judge,
dissenting.
The threshold issue is whether non-final orders entered in proceedings supplementary to execution are appealable under rule 9.130(a)(4), Fla.R.App.P. I would answer in the negative and dismiss this non-final appeal for lack of jurisdiction.
The background is simple. Ellis obtained a money judgment against Tubero. The judgment was not appealed nor challenged under rule 1.540(b), Fla.R.Civ.P. When execution remained unsatisfied, Ellis instituted proceedings supplementary, and attempted to depose Tubero pursuant to section 56.29(2), Florida Statutes (1983). Tubero, in turn, filed a motion for protective order wherein he indicated that Ellis’ final judgment was under collateral attack in the federal court and, therefore, Tubero requested the state trial court to cancel the discovery in aid of execution until service of process in the federal proceeding could be effectuated on Ellis. The trial court denied the motion for protective order and Tubero instituted this appeal under the apparent authority of rule 9.130(a)(4), Fla.R. App.P.
Rule 9.130(a)(4), Fla.R.App.P., states:
Non-final orders entered after final order on motions which suspend rendition are not reviewable; provided that orders granting motions for new trial in jury and non-jury cases are reviewable by the method prescribed in Rule 9.110. Other non-final orders entered after final order on authorized motions are reviewable by the method prescribed by this rule.
The foregoing language does not indicate an intent to depart from the general philosophy of the appellate rules which disfavors piecemeal appeals. In fact, the first clause of the first sentence precludes review of most post-judgment non-final orders. Rule 9.020(g), Fla.R.App.P., lists the motions which suspend rendition. A quick perusal of the list reveals that it contains all of the normal post-judgment motions: new trial or rehearing, to alter or amend, for judgment in accordance with prior motion for directed verdict, notwithstanding verdict, in arrest of judgment or a challenge to the verdict. Thus, a non-final order entered during the consideration of any of these motions is not susceptible to interlocutory appeal.
Tubero apparently relies on the rule’s second sentence which provides that “[o]ther non-final orders entered after final order on authorized motions are reviewable by the method prescribed by this rule.” The Committee Notes indicate that this pro *207 vision was designed to permit review of such non-final post-judgment orders as those granting a motion to vacate a default. One case, however, has suggested that the committee note is in error; it should read “[s]uch [non-final] orders include ... an order granting a motion to vacate default and default final judgment.” Howard v. McAuley, 436 So.2d 392, 393 n. 1 (Fla. 2d DCA 1983). Whatever the drafters’ intent, I am satisfied that the rule was not designed to permit wholesale non-final review in proceedings supplementary.
Two of our sister courts have taken the position that non-final orders entered in proceedings supplementary are appealable under Rule 9.130(a)(4), Fla.R.App.P. The Fifth District in Mogul v. Fodiman, 406 So.2d 1225 (Fla. 5th DCA 1981), ruled that an order denying a motion for protective order in proceedings supplementary is ap-pealable. The court reasoned that “Rule 9.130(a)(4) appears broad enough to permit an appeal from the order in question.” Id. at 1226. Similarly, the Second District in Largo Hospital Owners, Ltd. v. Gorman, 408 So.2d 597 (Fla. 2d DCA 1981), held that a non-final order requiring a defendant to produce an out-of-state resident for deposition in aid of execution was appealable under Rule 9.130(a)(4). Most respectfully, I suggest that these decisions are flawed due to their failure to differentiate between random non-final post-judgment orders and non-final orders entered in independent post-judgment proceedings.
In Peterson v. Peterson, 429 So.2d 83 (Fla. 4th DCA 1983), we held that Rule 9.130(a)(4) did not authorize appellate review of a non-final order entered in a post-judgment attack on a final judgment of dissolution. There, pursuant to Rule 1.540(b), Fla.R.Civ.P., a former wife asserted that the final judgment and property settlement incorporated therein had been procured by fraud. The former husband moved to dismiss and the trial court denied the motion. Next, the former husband attempted to appeal under Rule 9.130(a)(4). We dismissed for lack of jurisdiction. Implicit in our holding was a finding that Rule 9.130(a)(4) does not authorize appellate review of all non-final orders entered in independent post-judgment proceedings. Proceedings supplementary to execution, pursuant to section 56.29, Florida Statutes (1983), are but another example of independent post-judgment proceedings. While they occur after final judgment, they are much more than an appendage to the original lawsuit. “[Supplementary proceedings are separate and distinct from the main cause — ” Codomo v. Emanuel, 91 So.2d 653, 655 (Fla.1956). “A proceeding supplementary ... is, in legal contemplation, an entirely separate legal cause from the main suit in which the judgment supporting the execution involved was rendered.” Orange Belt Packing Co. v. International Agricultural Corp., 112 Fla. 99, 150 So. 264, 265 (1933).
Rule 9.130(a)(4), Fla.R.App.P., has been used to permit appellate review of a host of disparate non-final orders.[1] But I would reiterate the view that the rule was not designed to permit indiscriminate review of non-final orders entered in independent post-judgment proceedings. To permit piecemeal appeals in these proceedings is to sanction intolerable delay. Moreover, it is incongruous to hold that orders, which could not be reviewed by non-final appeal simply because they are entered post-judgment. Thus, I would hold that this court does not have jurisdiction to consider non-final orders entered in proceedings supplementary to execution. Such a holding, of course, would not affect the applicability of other provisions of rule 9.130, Fla.R.App.P.

. See, e.g., Planes v. Planes, 454 So.2d 660 (Fla. 3d DCA 1984) (order adjudicating breach of contract claim); Calderon v. Torres, 445 So.2d 1040 (Fla. 3d DCA 1984) (order denying motion to vacate visitation order); Sanchez v. Sanchez, 435 So.2d 347 (Fla. 3d DCA 1983) (order requiring payment of attorney’s fees); Strahl v. Strahl, 431 So.2d 729 (Fla. 3d DCA 1983) (order permitting discovery); Bliss v. Carmona, 418 So.2d 1017 (Fla. 3d DCA 1982) (order denying motion to vacate final judgment decreeing specific performance).