# ASSOCIATED INDUSTRIES OF FLORIDA SELF INSURERS FUND, etc. v. H & F SOD COMPANY, INC.

Case No. 85 SP13 1018

County Court, Polk County

April 14, 1988

### APPEARANCES OF COUNSEL

C. Geoffrey Vining for plaintiff.

Norman D. Zimmerman for defendant.

### OPINION OF THE COURT

CAROL C. MURPHY, County Judge.

## ORDER VACATING PRIOR ORDER, DENYING MOTION FOR CONTEMPT, AND CERTIFYING TO THE DISTRICT COURT OF APPEAL

Plaintiff, Associated Industries of Florida Self Insurers Fund, moved to find Herbert and Frances Davis, corporate officers of defendant, H & F SOD COMPANY, INC., in contempt for not appearing pursuant to a subpoena duces tecum in aid of execution. A prior order denying plaintiff's motion for contempt was entered on November 4, 1987. This order vacates the November 4, 1987, order in its entirety and replaces that order.

The situs of the deposition was to be in Polk County, Florida. Defendant corporation and, presumably, the residence of Herbert and Frances Davis are located in Pompano Beach, Florida. Herbert and Frances Davis were subpoenaed as president and secretary, respectively, of defendant corporation. The subpoena was served personally and individually on Herbert Davis and by substitute service on Frances Davis.

The contract involved, on which plaintiff is relying, has a stipulation signed by Herbert Davis that "if supplemental proceedings are required subsequent to judgment, the president and secretary of a corporate member or all partners of a partnership member, or the individual, in the event of an individual member, shall submit to the supplemental proceedings in Polk County, Florida." This contract was signed by Herbert Davis but not by Frances Davis. Neither Herbert nor Frances Davis appeared at the time and place of the deposition; neither did they object to the deposition or file a motion for a protective order.

The contract involved is a boilerplate contract, not one reached by mutual negotiation. Associated Industries is a self-insurer's fund, which employers can join to obtain worker's compensation insurance, which is required of virtually all employers.

Neither Herbert or Frances Davis is a party to this lawsuit, even in their capacities as officers of the corporation.

The issue in this case is whether Herbert and Frances Davis should be subject to contempt for not appearing in Polk County for their depositions, in light of the provision in the contract agreeing to supplemental proceedings in Polk County, their failure to object, and the rule of civil procedure limiting depositions to the county where a person resides or is employed or transacts business in person.

There are two major aspects to the question in this case. First is the question of the failure of Herbert and Frances to either object to or

22

obey the subpoenas with which they were served, putting aside the question of consent under the contract. Secondly, is it sound public policy to enforce contractual provisions setting the location of post-judgment proceedings?

Rule 1.410(d)(2) of the Florida Rules of Civil Procedure provides that

A person may be required to attend an examination only in the county wherein he resides or is employed or transacts business in person or at such other convenient place as may be fixed by an order of court.

Under rule 1.560, the same rules apply for discovery in aid of execution as to other matters covered by the civil rules.

Trawick's Florida Practice and Procedure states without citation that

A nonresident defendant who has answered the plaintiff's complaint but who is not seeking affirmative relief will not be required to travel a great distance for his deposition. It should be taken at his place of residence or his business. Having chosen the place for the action, the plaintiff ordinarily must come to the county where the action is pending for his deposition. The deposition of a corporate defendant is ordinarily taken at its principal place of business. This is even more appropriate since the amendment permitting a request for production of documents and things at a deposition. Production of corporate records would be inconvenient otherwise.

Trawick, Fla. Prac. & Proc., § 16-11 (1985 ed.).

Plaintiff's attorney points out that a subpoena is an order of the court to appear. The records requested by the subpoena duces tecum are corporate records. It would certainly be very inconvenient to be required to appear in Polk County with corporate records of a corporation located in Pompano Beach. Contempt is discretionary. *Spencer v. Spencer,* 242 So.2d 786, 790 (Fla. 4th DCA 1971). The civil rules require lawyers to hold depositions in the county where people live or conduct business. Although parties to a lawsuit should obey subpoenas, it is even more important to the dignity of the court that lawyers follow court procedures and not subject parties to discovery proceedings in violation of the rules and then ask the court to punish the parties by contempt for not following the rules. The public image of the entire judicial system requires that lawyers follow and not abuse the rules of civil procedure.

In regard to the contractual provisions setting supplementary proceedings in Polk County, a deposition in aid of execution is not a

**23**

proceeding supplementary under Section 56.29, Florida Statutes. The contract is a boilerplate, adhesion contract, drafted by plaintiff, and as such, should be construed against plaintiff. A strict construction of supplementary proceedings would exclude depositions in aid of execution.

Even using the term "supplementary proceedings" in a broad, general way as a description of all postjudgment proceedings, the contract between the parties has been merged into the judgment and is no longer in force. Under the theory of merger, the individual provisions of that contract should no longer apply. Even if the contract did not merge into the judgment, there is no evidence that Herbert Davis and the defendant corporation waived the protection of the civil rules by entering into the contract. Clearly, Frances Davis did not waive the civil rules provisions as she did not sign the contract. Although rights may be waived, most lay persons do not even know they have a right to be deposed in their own county and would not realize that the term "supplementary proceedings" applied to postjudgment depositions. The purported waiver is very inconspicuous in the contract. Because a waiver requires giving up a known right and the right purportedly being waived is not apparent from this contract, there is no waiver here.

There is a more basic reason for refusing to enforce the contract provision here. By means of this contractual provision, an insurance company has set up by contract a private scheme to enforce judgments, using the contempt power of the court. This system bypasses the procedural rules set up by statute and court rule to enforce judgments and substitutes a private one.

This contract provision is different than a provision setting venue in a certain location. If a party waives venue, and then finds it inconvenient to defend a lawsuit, what results is a judgment. With a contract provision waiving the location of postjudgment proceedings, a party becomes subject to jail for contempt as a result of a purely civil matter.

This provision is more like a confession of judgment than a provision setting venue. Confessions of judgment are illegal in this state and in most others. *See § 55.05, Florida Statutes.*

"In the area of rights after default our legal system has traditionally looked with suspicion on agreements designed to cut down the debtor's rights and free the [creditor] of his duties. . . . The default situation offers great scope for overreaching; the suspicious attitude of the court has been grounded in common sense." Official Comment 4 to § 679.501, Fla. Stat.

24

Without deciding whether or not this contract is covered by Article 2 of the Commercial Code, one section of the UCC is applicable at least by analogy. Section 672.302 allows a court to restrict any clause of a contract to avoid an unconscionable result. The comments explain that "the principle is one of the prevention of oppression and unfair surprise." *See* 672.302, Fla. Stat., and Official Comment 1, *citing Campbell Soup Co. v. Wentz*, 172 F.2d 80 (3d Cir. 1948). As in the *Campbell Soup* case, the provision of this contract requiring corporate officers to travel to other counties to be deposed is just too onerous to be enforced, unless there are special circumstances which come into play.

Plaintiff has cited the case of *Largo Hospital, Owners, Ltd. v. Gorman*, 408 So.2d 597 (Fla. 2d DCA 1981), to support the point that when depositions are to execute on a judgment, corporations are required to produce their officers wherever a plaintiff's attorney may wish to set a deposition. In *Largo Hospital*, the corporation was subpoenaed to a deposition in Tampa, filed a motion for protective order, and the court ordered the appropriate corporate person who resided in California to appear for a deposition in *Pinellas County*. This case is not directly on point. First, there was a direct order from the court to appear, not just a subpoena which is also an order from the court, but not issued directly by the judge of a court. Secondly, the court did not order the corporate representative to appear in the city where the lawyer lived, but rather, in Pinellas County, where it is assumed that the defendant corporation's headquarters were. Finally, the Second DCA implicitly, if not explicitly, seemed to be saying that a corporation which owes a judgment in this state cannot refuse to appear in this state to answer as to its finances.

In the instant case, the deponents are available in Florida in their own county. This court sees no extraordinary circumstances which were what was being dealt with in the *Largo* case; nor is this the case of a nonresident officer.

Based on the above, it is, therefore

ORDERED AND ADJUDGED that plaintiff's motion to find Herbert and Frances Davis in contempt is DENIED.

### *CERTIFICATION TO THE SECOND DISTRICT COURT OF APPEAL*

Pursuant to rule 9.160 of the Florida Rules of Appellate Procedure, this court certifies the following issues as ones of great public importance:

25

1. Whether, without objection or motion for protective order, a court may refuse to enforce a subpoena duces tecum setting a deposition in a county other than the one in which the person subpoenaed lives or conducts business.

2. Whether the result is different in cases in which the person served is an officer of a corporation and there is a contract applying for worker's compensation insurance with a nonconspicuous clause which requires the officers of the corporation to submit to supplemental proceedings in a county other than the one in which the corporation is located.

This issue is of great public importance because self insurer's funds like the plaintiff do a large volume of business. There is much litigation on defaults in paying premiums, and a great number of them result in a judgment, which is then subject to postjudgment proceedings. Many of these contracts contain clauses like the one in this case.

DONE AND ORDERED in Chambers at Bartow, Polk County, Florida, this April 14, 1988.