625 So.2d 86 (1993)
Donald GACHÉ and D.G. Enterprises, Inc., a Florida corporation, Petitioners,
v.
FIRST UNION NATIONAL BANK OF FLORIDA, Respondent.
No. 93-1844.
District Court of Appeal of Florida, Fourth District.
September 29, 1993.
Ned Kimmelman of Ned Kimmelman, P.A., Boca Raton, for petitioners.
Stephen B. Gillman of Shutts & Bowen, Miami, for respondent.
KLEIN, Judge.
Petitioners seek certiorari review of a post-judgment order entered in proceedings to aid collection of the judgment. We conclude the order is not reviewable by certiorari nor as an order entered after final judgment under Fla.R.App.P. 9.130(a)(4).
Petitioner Gache signed a promissory note to respondent First Union. Petitioner D.G. Enterprises, Inc. pledged its shares of profits and proceeds from its 50% partnership interest in Via Rosa Partners, as security for the note. First Union obtained a summary judgment against Gache and D.G. Enterprises, Inc., which provided for a money judgment against Gache and further provided that First Union was entitled, by virtue of the assignment and pledge, to all proceeds and distributions payable to D.G. Enterprises as a result of its partnership interest in Via Rosa Partners.
First Union then filed an application for a charging order pursuant to section 620.695(1), Florida Statutes (1991), which provides a process for a judgment creditor to pursue an interest in a partnership owned by the judgment debtor.
The order entered on the application provides that the interest of D.G. Enterprises, as a partner in Via Rosa Partners, is subject to a charging order in favor of First Union; requires D.G. Enterprises to file a sworn answer reporting amounts distributable to D.G. Enterprises; requires Gache and D.G. Enterprises to show cause at a hearing why an order should not be entered requiring Via Rosa to pay any such amounts due D.G. *87 Enterprises to First Union; and requires production of financial information by D.G. Enterprises as to its interest in Via Rosa Partners.
Gache and D.G. Enterprises seek certiorari arguing that this financial information should not be produced because First Union is not entitled to a charging order under section 620.695, Florida Statutes. Since wrongfully having to produce financial information is not the type of irreparable harm to justify granting certiorari, Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987), we deny the petition. We also consider, however, whether the order is reviewable as a non-final order under rule 9.130(a)(4), which provides for review of:
Non-final orders entered after final order on motions that suspend rendition are not reviewable; provided that orders granting motions for new trial in jury and non-jury cases are reviewable by the method prescribed in rule 9.110. Other non-final orders entered after final order on authorized motions are reviewable by the method prescribed by this rule.
In Mogul v. Fodiman, 406 So.2d 1225 (Fla. 5th DCA 1981), the fifth district concluded that the last sentence of the above provision allowed an appeal to be taken from a discovery order in a supplementary proceeding because it was an order entered after final judgment. See also, Largo Hospital Owners, Ltd. v. Gorman, 408 So.2d 597 (Fla. 2d DCA 1981).
The most comprehensive discussion of this issue is found in the dissenting opinion of Judge Hurley in Tubero v. David L. Ellis, 469 So.2d 206 (Fla. 4th DCA 1985) (affirming without opinion). He concluded that non-final orders for discovery in supplementary proceedings should not be appealable merely because they are entered after a final judgment, notwithstanding the apparent broad language of the rule. As Judge Hurley pointed out, it makes no sense to allow an appeal from a discovery order entered post-judgment, when the same discovery order entered prior to judgment would not be appealable. He cited Peterson v. Peterson, 429 So.2d 83 (Fla. 4th DCA 1983), in which a wife moved under Fla.R.Civ.P. 1.540(b) to set aside a final judgment of dissolution because of fraud. The trial court denied the husband's motion to dismiss and the husband appealed pursuant to rule 9.130(a)(4). This court dismissed the appeal, holding that the rule did not authorize that type of non-final appeal. It is clear from Peterson that this court does not read rule 9.130(a)(4) as automatically permitting the appeal of all orders entered after final judgment.
Consistent with Peterson are Sverdahl v. Farmers and Merchants Savings Bank, 582 So.2d 738 (Fla. 4th DCA 1991) (appeal from order impleading third party in supplementary proceedings dismissed for lack of jurisdiction), and Barnett Bank of Broward County v. Tabatchnick, 401 So.2d 1166 (Fla. 4th DCA 1981) (appeal from order denying motion in post-judgment garnishment proceeding dismissed for lack of jurisdiction).
The order entered here, pursuant to section 620.695(1), is not final. It merely initiates "a flexible court-supervised substitute for the more disruptive process of execution by the sheriff." Krauth v. First Continental Dev-Con, Inc., 351 So.2d 1106 (Fla. 4th DCA 1977). In the event Gache and D.G. Enterprises do not show cause why the interest in the partnership should not inure to the benefit of First Union, the court will enter an order providing for a recovery by First Union. That order will be appealable as a final judgment, and the petitioners will then have the opportunity to argue the correctness of the order which they ask us to review now.
We deny certiorari, conclude that this order is not appealable, and certify conflict with Mogul v. Fodiman, 406 So.2d 1225 (Fla. 5th DCA 1981).
Certiorari denied.
POLEN and FARMER, JJ., concur.