656 So.2d 611 (1995)
MARYLAND CASUALTY COMPANY and Northern Insurance Company of New York, Appellants,
v.
CENTURY CONSTRUCTION CORPORATION, a Florida Corporation, Appellee.
No. 95-1207.
District Court of Appeal of Florida, First District.
June 27, 1995.
Cynthia S. Tunnicliff and William E. Whitney, Pennington & Haben, P.A., Tallahassee, Bohdan Neswiacheny and David Strong, Law Offices of Bohdan Neswiacheny, Ft. Lauderdale, for appellants.
Mark Tucker and David K. Miller, Broad and Cassel, Tallahassee, for appellee.
WEBSTER, Judge.
Appellants seek review of a non-final order denying their motions to dismiss a third-party complaint filed against them by appellee. They assert that the order is appealable as a "non-final order[] entered after final order," pursuant to Florida Rule of Appellate Procedure 9.130(a)(4). Appellee has filed a motion to dismiss the appeal, arguing that rule 9.130(a)(4) is inapplicable and that, therefore, the order is not presently appealable. We agree with appellee and, accordingly, dismiss the appeal for lack of jurisdiction.
Appellee had been sued by several people who had purchased homes from it. Appellants, who had issued a commercial insurance policy naming appellee as an insured, acknowledged coverage as to one of the claims made against appellee, and agreed to provide a defense as to that claim. Ultimately, a final judgment was entered against appellee. Ten days after that judgment had been filed, appellee filed a "motion to amend, alter, or clarify" it. While the "motion to amend, alter, or clarify" was pending, appellee filed another motion, seeking leave to file a third-party complaint against appellants. Subsequently, on the same day, the trial court entered orders granting in part the "motion to amend, alter, or clarify" the judgment and permitting appellee to file a third-party complaint against appellants. Appellee eventually filed its third-party complaint, and appellants moved to dismiss, raising a number of grounds. The trial court denied the motions to dismiss, and this appeal followed.
Appellants rely exclusively upon Florida Rule of Appellate Procedure 9.130(a)(4) and, in particular, the second, emphasized, sentence thereof, to provide the jurisdictional basis for this appeal:
Non-final orders entered after final order on motions that suspend rendition are not reviewable; provided that orders *612 granting motions for new trial in jury and non-jury cases are reviewable by the method prescribed in rule 9.110. Other non-final orders entered after final order on authorized motions are reviewable by the method prescribed by this rule.

(Emphasis added.) Appellee responds that the rule was intended to apply only to orders entered after a final order which would, otherwise, be unreviewable. Because appellants will have a right to review after the entry of a final order on the third-party complaint, appellee argues that the rule is inapplicable.
Although appellants cite a number of cases as supporting their argument, all of those cases, save one, either contain no discussion suggesting that the jurisdictional basis for the appeal was in dispute or involve orders which would not otherwise be appealable at a later date. The sole exception is Mogul v. Fodiman, 406 So.2d 1225 (Fla. 5th DCA 1981). In Mogul, the court, with little discussion, concluded that rule 9.130(a)(4) "appear[ed] broad enough to permit an appeal from" an order denying a motion seeking a protective order to prevent certain discovery in a supplementary proceeding. Id. at 1226.
We find more persuasive the recent decision in Gache v. First Union National Bank, 625 So.2d 86 (Fla. 4th DCA 1993). In Gache, the appellants, who were judgment debtors, sought review of an order directing one of them to produce certain financial information in a post-judgment proceeding in aid of collection. The court concluded that, notwithstanding the Mogul decision (with which it certified conflict), the order directing production was not immediately appealable pursuant to rule 9.130(a)(4). It based its conclusion upon the proposition that the proceeding in aid of collection would culminate in an order either granting or denying the relief requested by the judgment creditor, at which point the appellants would have the right to appeal that final order and any interlocutory orders with which they might be unhappy. Because such an avenue was open for review, the court saw no reason to read rule 9.130(a)(4) as affording the appellants the right to an immediate appeal. Accord Winkelman v. Toll, 632 So.2d 130 (Fla. 4th DCA 1994); Peterson v. Peterson, 429 So.2d 83 (Fla. 4th DCA 1983).
We find the reasoning of Gache particularly apposite to the facts of this case. To hold that the order sought to be appealed here is immediately reviewable pursuant to rule 9.130(a)(4) would lead inevitably to the result that all interlocutory orders entered in third-party actions following the entry of judgment in the main action would, likewise, be immediately reviewable. The enormous waste of scarce judicial resources that would follow from such a result should be apparent. We must presume that the drafters of rule 9.130(a)(4) contemplated no such consequence. Accordingly, we hold that the order denying appellants' motions to dismiss is not immediately appealable pursuant to rule 9.130(a)(4). Rather, review must await the entry of a final order in the third-party action.
We grant appellee's motion to dismiss, and dismiss this appeal for lack of jurisdiction, without prejudice to appellants' right to seek review of the order denying their motions to dismiss following the entry of a final order in the third-party action. Like the Fourth District, we certify conflict with Mogul v. Fodiman, 406 So.2d 1225 (Fla. 5th DCA 1981).
APPEAL DISMISSED.
WOLF and LAWRENCE, JJ., concur.