GROSS, J.
A judgment creditor appeals a post-judgment order that limited the scope of questioning of a third party whom the creditor attempted to implead in proceedings supplementary. We dismiss the appeal, because the order is not appealable.
Dana Forman is the assignee of a judgment obtained by James Shields against four corporations. Edward Bates was a director, shareholder, and officer of the corporations. Forman moved for proceedings supplementary pursuant to section 56.29, Florida Statutes (2004). Forman did not attach an impleader complaint to the motion. In response to the motion, the circuit court ordered Bates to appear before the court “to be examined concerning his property, both real and personal, and income.”
Bates objected to the order requiring him to appear. The court sustained his objection in part, indicating that Forman could “take the deposition” of Bates, but that it could not “conduct discovery” with regard to Bates’s “personal assets unless such assets are derived from the corporate defendants.” Forman moved for rehearing, stating, inter alia, that Bates had “been properly impleaded.” Attached to the motion for rehearing was a restitution order entered in favor of Shields in a *1090 criminal case against Bates. The trial court denied the motion. Forman filed this appeal of the order limiting the scope of his questioning of Bates.
Section 56.29(4) gave Forman the ability to question Bates as an officer of the defendant corporations and as a fact witness. However, Forman did not take the procedural steps necessary to implead Bates so that he was a party to the action. See Exceletech, Inc. v. Williams, 597 So.2d 275 (Fla.1992); see also Ryan’s Furniture Exch. v. McNair, 120 Fla. 109, 162 So. 483 (1935); Machado v. Foreign Trade, Inc., 544 So.2d 1061 (Fla. 3d DCA 1989). Forman did not file an impleader complaint and serve it on Bates. Fla. R. Civ. P. 1.180. The trial court did not order Bates to respond to any impleader complaint.
The order under appeal limited the scope of the examination of Bates as a witness in post judgment proceedings; it was therefore akin to a post-judgment discovery order that circumscribed the questioning of a witness. In Gaché v. First Union National Bank of Florida, 625 So.2d 86, 87 (Fla. 4th DCA 1993), we wrote that Florida Rule of Appellate Procedure 9.130(a)(4) should not be read “to allow an appeal from a discovery order entered post-judgment, when the same discovery order entered prior to judgment would not be appealable.” A protective order limiting the scope of discovery before final judgment is not an appealable non-final order. See Von Mitschke-Collande v. Kramer, 869 So.2d 1246, 1251 n. 4 (Fla. 3d DCA 2004); Fla. R.App. P. 9.130(a)(3). Gaché was based “upon the proposition that the proceeding in aid of collection would culminate in an order either granting or denying the relief requested by the judgment creditor, at which point appellants would have the right to appeal that final order and any interlocutory orders with which they might be unhappy.” Maryland Cas. Co. v. Century Constr. Corp., 656 So.2d 611, 612 (Fla. 1st DCA 1995).
The order in this case was interim and provisional. It was subject to change if Forman demonstrated that Bates possessed property that should be “applied toward the satisfaction of the judgment debt.” § 56.29(5), Fla. Stat. (2004). In the appeal of any order granting or denying relief against Bates in the proceedings supplementary, Forman will have the ability to challenge the order constraining his questioning of Bates. For these reasons, the appeal is dismissed for lack of jurisdiction.
WARNER and HAZOURI, JJ., concur.