OTT, Judge.
The lower court dismissed an alternate writ of mandamus with prejudice. We reverse.
Plaintiffs/appellants’ complaint alleged that they had acquired and begun to develop property in reliance upon zoning which was later changed to their detriment. The prayer was for the writ of mandamus. Initially the lower court issued the alternate writ of mandamus requiring the county/appellee to show cause why appellants’ building permit should not be issued. Subsequently, the circuit court dismissed the writ with prejudice, holding in relevant part:
Florida Appellate Rule 4.1 provides that all appellate review of any rulings of any commission or board shall be by certiorari as provided by the Florida Appellate Rules. Based on the allegations of appellants it is clear that a review of the actions of the appellees . . . had to be by certiorari rather than mandamus.
Although mandamus was an improper method, this should not deprive appellants of the opportunity to state a cause of action in equity. Accordingly, the dismissal below should have been without prejudice.
Although Fla.App. Rule 4.1 provides for appellate review by certiorari appellants are not thereby precluded from proceeding with a separate action in equity for equitable estoppel, declaratory relief or injunction. Hollywood Beach Hotel Company v. City of Hollywood, 329 So.2d 10 (Fla.1976); Town of Largo v. Imperial Homes Corp., 309 So.2d 571 (Fla.2d DCA 1975); Sakolsky v. City of Coral Gables, 151 So.2d 436 (Fla.3d DCA 1963).
While the trial court was correct in dissolving the alternative writ of mandamus we reverse the dismissal of appellants’ complaint with prejudice and remand for further proceedings consistent herewith.
BOARDMAN, C. J., and HOBSON, J., concur.