PER CURIAM.
This is an appeal from an order dismissing a petition for mandamus with prejudice. Appellant contends that the dismissal should have been without prejudice. We agree.
Appellant, as trustee, owned certain real property in Collier County, Florida on which he intended to construct a marina-boatel. He obtained a building permit, and ostensibly relying thereon, expended sums of money to construct the facility. Subsequently, the county zoning director caused a stop-work order to be issued on the project. Appellant, pursuant to the Collier County Code, Chapter 67-1246, Laws of Florida, (Code) appealed the decision of the zoning director to the Collier County Board of County Commissioners sitting as the Board of Zoning Appeals. The board upheld the zoning director’s order and appellant filed a petition for a writ of mandamus forty-four days after the board’s decision. The Code provides review of a decision of the zoning board is to be by petition for certiorari filed within thirty days of the board’s decision. The circuit court dismissed appellant’s petition with prejudice on the grounds that appellant had failed to file a timely petition for certiorari, and mandamus could not be used to cure this effect.
The lower court correctly dismissed the petition for mandamus. Mandamus will not issue to relieve litigants of the consequences of failing to file in time for other appropriate relief. Shevin v. Public Service Commission, 333 So.2d 9 (Fla.1976). However, the dismissal should have been without prejudice to allow appellant an opportunity to attempt to state a cause of action in equity for equitable estoppel, declaratory relief, or an injunction. Sunshores, Inc. v. County of Pinellas, 351 So.2d 758 (Fla. 2d DCA 1977). Accordingly, the order is affirmed, but the case is remanded with instructions to delete the words “with prejudice”.
GRIMES, Acting C. J., and RYDER and CAMPBELL, JJ., concur.