432 So.2d 739 (1983)
Robert Lee SHAPIRO, Appellant,
v.
Linda Styles SHAPIRO, Appellee.
No. 82-2191.
District Court of Appeal of Florida, Fourth District.
June 8, 1983.
Sidney A. Stubbs, Jr. of Jones & Foster, P.A. and Larry Klein, West Palm Beach, for appellant.
Eleanor Levingston Schockett of Eleanor Levingston Schockett, P.A., Miami, for appellee.
PER CURIAM.
Appellant challenges an interlocutory order vacating a property settlement agreement. We dismiss the appeal for lack of jurisdiction.
The parties entered into an agreement at a time when they contemplated separation but were still cohabiting in the marital home. Shortly thereafter, appellee petitioned for a dissolution of marriage, seeking alimony and property distribution beyond that provided for in the agreement. By affirmative defense, appellant alleged the existence of the agreement and prayed that it be incorporated into the final judgment. Appellee answered the affirmative defenses and asserted that appellant obtained the *740 agreement by overreaching, fraud and duress. The parties stipulated that
In the event the separation of property settlement agreement is upheld, no further proceedings would be necessary. In the event the separation of property settlement agreement is set aside, a further evidentiary hearing would be required on the question of alimony and property disposition.
The trial court found that because appellant is a lawyer, his relationship to his nonlawyer-spouse approaches one of a fiduciary standard, and that appellant violated this fiduciary standard insofar as it prevented appellee from making a fair decision as to the merits of the property settlement agreement. The trial judge acknowledged that this holding constitutes one of first impression.
We disagree with the trial judge's characterization of this order as a final and binding order for the purposes of conducting an appeal. After reviewing the briefs submitted by the parties we disagree with appellant's contention that the order constitutes a non-final appealable order because it determines liability in favor of a party seeking affirmative relief. Although the order vacates previous existing alimony and child support obligations, it substitutes no new obligations therefor, and thus is not appealable under Rule 9.130(a)(3)(C)(iii). Nor is the order appealable under Rule 9.130(a)(3)(C)(iv). See P & H Vehicle Rental and Leasing Corp. v. Garner, 416 So.2d 503 (Fla. 5th DCA 1982); Weltz v. Mann, 383 So.2d 324 (Fla. 5th DCA 1980).
We recognize the time and effort which has been expended in this matter by the parties, the trial court and this Court. We have considered treating this case as a petition for certiorari, and although the briefs demonstrate that the trial court may have departed from the essential requirements of law, the appellant has not demonstrated that such error, if any, could not be rectified on plenary appeal. United States Fidelity & Guaranty v. Graham, 404 So.2d 863 (Fla. 4th DCA 1981), petition for review denied, 419 So.2d 1195, 1201 (Fla. 1982). Accordingly, certiorari will not lie.
APPEAL DISMISSED.
HURLEY, DELL and WALDEN, JJ., concur.