PER CURIAM.
This is an appeal by the defendants [Williams Island Associates, Ltd., et al.] from a non-final order granting the plaintiffs’ [Norman Cohen, as trustee, et al.] motion for summary judgment on liability in a breach of contract action. In this action, the plaintiffs claimed that the defendants breached a provision of a written agreement between the parties which obligated the defendants to deliver a quantity of fill material to the plaintiffs when timely requested by the plaintiff Blattman; the defendants denied any such breach of the agreement because the plaintiff Blattman’s request for the fill was, allegedly, not timely made. We reverse.
The agreement between the parties obligated the defendants to deliver the fill material no later than ninety (90) days following the receipt of the plaintiff Blattman’s written request for same. The plaintiff Blattman, however, was obligated by the *955 subject agreement “to request and remove” the fill material no later than five years from the implementation date of the agreement, else the defendants would be entitled to remove and sell the said fill. Without dispute, the plaintiff Blattman, within five years after the implementation date of the subject agreement, made a written request of the defendant to deliver the fill material, which request the defendants failed to honor. The defendants, however, were not obligated to honor that request until ninety (90) days thereafter, which, without dispute, was more than five years after the implementation of the agreement. Because the plaintiff Blattman could not, at that time, have complied with the agreement to “remove” the fill material within five years of the implementation of the agreement, it is plain that, under the agreement, the fill material necessarily reverted to the defendants upon expiration of the ninety (90) day period. This being so, the plaintiff Blattman’s request was, in effect, untimely because, under the agreement, the fill belonged to the defendants by the time the plaintiffs’ belated request became operative.
The non-final order under review is therefore reversed, and the cause is remanded to the trial court with directions to enter a summary judgment in favor of the defendants on count III of the plaintiffs’ second amended complaint.
Reversed and remanded.