592 So.2d 269 (1991)
Murray BLATTMAN, as trustee under that certain Trust Agreement dated December 18, 1975 and known as Trust No. 75-LT-21, Appellant,
v.
WILLIAMS ISLAND ASSOCIATES, LTD., a Florida limited partnership and its general partners Bonrel Realty Corp., a New York corporation and Muben Realty Company, a New Jersey corporation, Appellees.
Norman COHEN, as Trustee, etc., et al., Appellant,
v.
WILLIAMS ISLAND ASSOCIATES, LTD., etc., et al., Appellees.
Nos. 91-807, 91-915.
District Court of Appeal of Florida, Third District.
December 10, 1991.
Floyd Pearson Richman Greer Weil Brumbaugh & Russomanno and Gerald Richman and Robert J. Borrello, William C. Hearon, Miami, for appellants.
Lapidus & Frankel and Richard Lapidus, Miami, for appellees.
Before HUBBART, BASKIN and GERSTEN, JJ.
PER CURIAM.
This is a consolidated appeal by the plaintiffs Murray Blattman, as trustee, and Norman Cohen, as trustee, from (1) the denial of a motion to vacate final judgment under Fla.R.Civ.P. 1.540 and a motion for leave to amend complaint, (2) an adverse final summary judgment on a complaint alleging breach of contract, and (3) an order which found that the defendants Williams Island Associates, et al. were prevailing parties on count IV of a complaint as to the issue of utility assessments and were therefore entitled to attorney's fees on this portion of the claim.
*270 Without unduly burdening this opinion, suffice it to say that no error has been made to appear as to the first two orders under review. The plaintiffs essentially sought to set aside the final summary judgment which this court ordered in Williams Island Associates, Ltd. v. Cohen, 547 So.2d 954 (Fla. 3d DCA 1989), to amend their complaint four months after the trial court's entry of such final summary judgment upon remand pursuant to our mandate, and to file a new complaint alleging breach of contract. These post-judgment motions and complaint were, in our view, all barred by the doctrine of res judicata as they represent efforts to relitigate issues which were either decided adversely to the plaintiffs in the prior action or to raise issues which should have been litigated therein by the plaintiffs. Del Vecchio v. Del Vecchio, 179 So.2d 400 (Fla. 3d DCA 1965); see Gordon v. Gordon, 59 So.2d 40, 43-44 (Fla. 1952); AGB Oil Co. v. Crystal Exploration & Production Co., 406 So.2d 1165, 1167 (Fla. 3d DCA 1981), rev. denied, 413 So.2d 875 (Fla. 1982). Beyond that, the letter on which the plaintiffs rely to set aside the summary judgment, to amend their complaint, and to assert a new cause of action for breach of contract was clearly an unaccepted offer of compromise and settlement made by the defendant Williams Island and could form no basis for any of the relief sought by the plaintiffs. Benoit, Inc. v. District Bd. of Trustees, 463 So.2d 1260 (Fla. 5th DCA 1984); § 90.408, Fla. Stat. (1989).
We dismiss the appeal from the third order, stated above, without prejudice to the plaintiffs to appeal from a final trial court order, when entered, which sets the attorney's fees in this case. The order under review only determines the right of the defendants to attorney's fees without setting the amount, and, as such, is not a final order; it is, however, an appealable nonfinal order under Fla.R.App.P. 9.130(a)(3)(C)(iv), as it determines the issue of liability in favor of the party seeking affirmative relief. Nonetheless, we have no jurisdiction to entertain this appeal because it was untimely filed more than thirty days after the rendition of such order; the defendants' motion for rehearing could not stay the rendition of this nonfinal order. See Wagner v. Bieley, Wagner & Assoc., 263 So.2d 1 (Fla. 1972); Bell v. Geist, 531 So.2d 406 (Fla. 5th DCA 1988); Marsh & McLennan, Inc. v. Aerolineas Nacionales de Ecuador, 530 So.2d 971 (Fla. 3d DCA 1988).
The first two orders under review, as stated above, are affirmed. The appeal from the third order under review, as stated above, is dismissed without prejudice to appeal from the final order on attorney's fees when entered.
Affirmed in part; dismissed in part.