632 So.2d 130 (1994)
Jeffrey WINKELMAN and Janee Sternberg Winkelman, husband and wife, Appellants,
v.
Eugene M. TOLL, Robert Locke and Kathleen Braiman, as Last Known Board of Directors and New Trustees of Mission Lakes Condominium Association, Inc., a dissolved Florida non-profit corporation, and Icon Development Corporation, a Florida corporation, Appellees.
Nos. 93-1128, 93-2270 and 93-2472.
District Court of Appeal of Florida, Fourth District.
February 9, 1994.
*131 John H. Pelzer of Ruden, Barnett, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for appellants.
Bruce A. Harris and Henry B. Handler of Weiss and Handler, P.A., Boca Raton, for appellee-Icon Development Corp.
Karl M. Scheuerman and Janis Sue Richardson, Dept. of Professional Regulation, Tallahassee, amicus curiae.

ON MOTION TO DISMISS
PER CURIAM.
Appellee moves to dismiss that portion of appellant's appeal which challenges the court's post-judgment order determining appellee's entitlement to attorney's fees without determining the amount. We have held in other cases that orders granting attorney's fees without determining amount are not ripe for appellate review. See Knight v. Mastrianni, 626 So.2d 338 (Fla. 4th DCA 1993); Scutti v. Daniel E. Adache & Associates Architects, P.A., 480 So.2d 718 (Fla. 4th DCA 1986); Hurtado v. Hurtado, 407 So.2d 627 (Fla. 4th DCA 1981); Vanderslice v. Vanderslice, 396 So.2d 1185 (Fla. 4th DCA 1981).
Appellant cites Blattman v. Williams Island Associates, Ltd., 592 So.2d 269 (Fla. 3d DCA 1991) which states that an order determining the right of a defendant to attorney's fees without setting the amount is an appealable non-final order under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv), which authorizes appeals of orders which determine "the issue of liability in favor of a party seeking affirmative relief." Another opinion of that court, however, appears to be to the contrary. See Southern Management and Inv. Corp. v. Escandar, 529 So.2d 355 (Fla. 3d DCA 1988).
In Travelers Insurance Company v. Bruns, 443 So.2d 959 (Fla. 1984), the issue before the Florida Supreme Court was whether a summary judgment determining that an insurer provided coverage for an accident was an order determining the issue of liability in favor of a party seeking affirmative relief, and therefore appealable under rule 9.130(a)(3)(C)(iv). The court noted that the predecessor to that rule had authorized review of non-final orders which granted partial summary judgment on liability, and that under the former rule an order determining that coverage existed had been appealable. The court held that the same type of order would not be appealable under the present rule, stating:
The thrust of rule 9.130 is to restrict the number of appealable nonfinal orders. The theory underlying the more restrictive rule is that appellate review of nonfinal judgments serves to waste court resources and needlessly delays final judgment.
Rule 9.130(a)(3)(C)(iv), authorizes the appeal of non-final orders which determine "the" issue of liability, not "an" issue of liability. And, as our supreme court noted in Bruns, the rule is now more restrictive than in its prior form, which described these orders as partial summary judgments on liability. This leads us to conclude that rule 9.130(a)(3)(C)(iv) does not authorize an appeal here.
*132 Allowing appeals from such an order as this one would mean that any time a court enters an order determining a party is entitled to attorney's fees, costs, or some other type of relief which could be construed as "affirmative relief," it could generate two appeals, one from the order of entitlement, and a second from the order determining the amount, even before a final judgment, which could then produce a third appeal.
Another reason why orders merely determining entitlement to attorney's fees should not be appealable is because consideration of entitlement and amount are frequently overlapping considerations which cannot be separated. Most prominently illustrating this point are dissolution cases, where, for example, a court could first enter an order determining that one spouse is entitled to attorney's fees, and then later award so little as to make the fee award a victory for the spouse having to pay it, perhaps obviating any appeal. The court can also award less than a full reasonable fee after a rejected offer of judgment under section 768.79(7)(b), Florida Statutes. It makes no sense to allow appeals from orders determining entitlement to attorney's fees, when the subsequent order determining the amount might well make the appeal unnecessary.
Nor, in our opinion, is this order appealable as a post-judgment order under rule 9.130(a)(4) which authorizes appeals of:
Other non-final orders entered after final order on authorized motions are reviewable by the method prescribed by this rule.
Although there is little case law explaining exactly what "non-final orders entered after final order on authorized motions" are, the comment to the rule gives, as an example, an order granting a motion to vacate a default. An order determining entitlement to attorney's fees, while it could be entered pursuant to a motion, could just as well be entered without a motion, i.e., where attorney's fees were requested in the pleadings. Because the rule limits the appeal of those orders entered after final judgment to those entered "on authorized motions" we conclude that an order determining entitlement to attorney's fees was not contemplated by that rule. As we recently held in Gache' v. First Union National Bank, 625 So.2d 86 (Fla. 4th DCA 1993), not all orders entered after final judgment are individually appealable under 9.130(a)(4). See also, Sverdahl v. Farmers and Merchants Savings Bank, 582 So.2d 738 (Fla. 4th DCA 1991); Peterson v. Peterson, 429 So.2d 83 (Fla. 4th DCA 1983); and Barnett Bank of Broward County v. Tabatchnick, 401 So.2d 1166 (Fla. 4th DCA 1981).
Where an order entered after final judgment is merely prefatory to another order which will be appealable either as a final judgment or an order on an authorized motion under rule 9.130(a)(4), review of the correctness of the prefatory order is available when the ultimate order is appealed. Sverdahl and Gache'.
We therefore dismiss the appeal from the order determining entitlement for attorney's fees, but note conflict with Blattman.
WARNER, FARMER and KLEIN, JJ., concur.