645 So.2d 1040 (1994)
RELIABLE REPROGRAPHICS BLUEPRINT & SUPPLY, INC., a Florida corporation, and Steve Schlosberg, Appellants,
v.
FLORIDA MANGO OFFICE PARK, INC., a Florida Corporation, Appellee.
No. 93-2839.
District Court of Appeal of Florida, Fourth District.
November 9, 1994.
Rehearing Denied December 28, 1994.
*1041 Barbara J. Compiani of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, and Michael J. Burley, Jupiter, for appellants.
Thomas J. Ali of Kramer, Ali, Lambert & Fleck, Juno Beach, for appellee.
GUNTHER, Judge.
Appellants, Reliable Reprographics Blue-Print & Supply, Inc. and Steve Schlosberg, (Defendants) appeal two orders; (1) an order denying them attorney's fees and costs pursuant to section 768.79, Florida Statutes (1993), and (2) an order granting the Appellee (Plaintiff) attorney's fees and costs as the prevailing party. We dismiss in part and affirm in part.
Plaintiff, as landlord, sued Defendants pursuant to a written lease agreement for money damages. Pursuant to Florida Rule of Civil Procedure 1.442 and section 768.79, Florida Statutes (1993), Defendants served "Defendants' Offers of Judgment" on Plaintiff. The total amount offered by Defendants was $16,480.00. Plaintiff, however, never accepted the offers.
The case was tried and final judgment was entered in favor of Plaintiff in the amount of $10,946.83. Thereafter, Defendants moved to tax costs and attorney's fees pursuant to section 768.79, Florida Statutes (1993), alleging that the final judgment was at least 25% less than the offers of judgment. The trial court, determining that the fee provision of section 768.79, Florida Statutes (1993) was not triggered, denied the motion on July 8, 1993. The order denying Defendants' attorney's fees and costs was rendered on July 14, 1993.
Subsequently, on September 1, 1993, Plaintiff moved for attorney's fees and costs pursuant to a prevailing party provision in the lease agreement. After a hearing, the trial court granted Plaintiff's motion and, on September 9, 1993, the trial court signed an order granting Plaintiff attorney's fees and costs.
Defendants filed their notice of appeal on September 21, 1993. They are appealing both the July 8, 1993 order denying them attorney's fees and costs and the September 9, 1993 order granting Plaintiff attorney's fees and costs.
This court recently addressed the issue of whether a post-judgment order determining a party's entitlement to attorney's fees is an appealable order. In Winkelman v. Toll, 632 So.2d 130 (Fla. 4th DCA 1994), this court held that a post-judgment order determining the entitlement to attorney's fees without determining the amount of the fees was not appealable. Winkelman, 632 So.2d at 132. This court reasoned that

*1042 [w]here an order entered after final judgment is merely prefatory to another order which will be appealable either as a final judgment or an order on an authorized motion under rule 9.130(a)(4), review of the correctness of the prefatory order is available when the ultimate order is appealed. [citations omitted].
The instant case is distinguishable from Winkelman. In Winkelman, the trial court granted entitlement to the attorney's fees while reserving jurisdiction as to the amount of those fees. Necessarily, the trial court in Winkelman had yet to rule on the entire issue of attorney's fees before the appeal was taken. In the instant case, however, the trial court denied Defendants' entitlement to attorney's fees and costs. Accordingly, the trial court in the instant case had ruled on the entire issue pertaining to Defendants' motion for attorney's fees and costs. Thus, the July 8, 1993 order was not "merely prefatory to another order" because the trial court was not required to rule on any other issue regarding Defendants' motion for attorney's fees and costs.
Accordingly, the July 8, 1993 order denying Defendants' motion for attorney's fees and costs must necessarily be an appealable non-final order. See Fla.R.App.P. 9.130(a)(4). As such, Defendants were required to file a notice of appeal within thirty days of the rendition date of the order, July 14, 1994. Fla.R.App.P. 9.130(b). Defendants' notice of appeal, however, was not filed until September 21, 1993, some sixty days after the rendition of the appealable order. Consequently, this court lacks subject matter jurisdiction over the matter.
Because we are unable to review the propriety of the July 8, 1993 order denying Defendants' attorney's fees and costs pursuant to section 768.79, Florida Statutes (1993), we are necessarily precluded from addressing the impact that section 768.79 has on the contractual right to attorney's fees and costs as the prevailing party. As such, we affirm the September 9, 1993 order granting Plaintiff's attorney's fees and costs.
In conclusion, because the appeal of the order denying Defendants' attorney's fees and costs was untimely filed, we dismiss Defendants' appeal of the July 8, 1993 order. We affirm the order granting attorney's fees and costs to Plaintiff as prevailing party.
DISMISSED IN PART; AFFIRMED IN PART.
FARMER, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.