648 So.2d 257 (1994)
HERNANDO COUNTY, Florida, Appellant,
v.
LEISURE HILLS, INC., Appellee.
No. 93-2946.
District Court of Appeal of Florida, Fifth District.
December 30, 1994.
*258 Robert Bruce Snow, Brooksville, for appellant.
Gerald A. Figurski of Martin, Figurski & Harrill, New Port Richey, for appellee.
PER CURIAM.
Hernando County appeals the entry of a partial final judgment in favor of Leisure Hills, Inc., a Florida corporation, ("Leisure Hills") which determined that Leisure Hills is entitled to have its plat recorded by and through the Clerk of the Circuit Court. However, the court reserved jurisdiction "to specifically order at some future time the clerk of this court to record the plat." The court also reserved jurisdiction, by bifurcating the trial, to determine whether Leisure Hills was entitled to damages and, if so, the amount of damages. The trial court never entered an order requiring the plat to be recorded. The partial final judgment is not a final appealable order. See Fla.R.App.P. 9.030(b)(1)(A) & 9.110. Further, we hold it is not a non-final order within the contemplation of Florida Rule of Appellate Procedure 9.130(a)(3). Therefore, we dismiss the appeal.
Leisure Hills filed an equitable estoppel action challenging the Hernando County Commission's denial of its request to record its plat. Leisure Hills sought two forms of relief: to require Hernando County to record the plat and to have the court determine if they were entitled to damages and, if so, the amount of damages. The trial court entered a partial final judgment ruling that Leisure Hills is entitled to have its plat recorded but did not order the plat recorded. That does not, however, dispose of a separate and distinct cause of action unrelated to the remaining claim for damages. See Welch v. Resolution Trust Corp., 590 So.2d 1098, 1099 (Fla. 5th DCA 1991) (an order granting final summary judgment as to one count of a multi-count complaint is not a final appealable order where a remaining count is interrelated with the count adjudicated).
Contrary to Hernando County's assertion, the partial final judgment should not be construed as an appealable non-final order which determines the issue of liability in the case pursuant to Rule 9.130(a)(3)(C)(iv). Although the trial court's partial final judgment determined that Leisure Hills is entitled to part of the relief it sought, i.e., Leisure Hills is entitled to have its plat recorded, the trial court has not yet determined that Leisure Hills is entitled to all the relief it seeks, specifically, the court has not yet addressed whether Leisure Hills is entitled to an award of damages. "Rule 9.130(a)(3)(C)(iv), authorizes the appeal of non-final orders which determine `the' issue of liability, not `an' issue of liability." Winkelman v. Toll, 632 So.2d 130, 131 (Fla. 4th DCA 1994) (holding that an order which merely determines "entitlement" to attorney's fees without determining the amount of such fees is not appealable as an order determining the issue of liability). One issue of liability has been determined, but the intertwined second issue of liability, damages, still remains with the trial court.
The thrust of Rule 9.130 is to restrict the number of appealable non-final orders because review of non-final judgments wastes court resources and needlessly delays final judgment. Winkelman, 632 So.2d at 131 (quoting Travelers Ins. Co. v. Bruns, 443 So.2d 959 (Fla. 1984). To allow this appeal from an order ruling that a party is entitled to a portion of the affirmative relief sought, without actually granting that relief, has the potential of generating an unnecessary number of appeals, even before a final judgment is entered. Such orders can be more efficiently reviewed at the conclusion of the trial court's labor, particularly when the issues are inextricably intertwined. This prevents piecemeal appellate litigation. See Winkelman, 632 So.2d at 131-32; S.L.T. Warehouse Co. v. Webb, 304 So.2d 97 (Fla. 1974).
We dismiss the appeal of the partial final judgment because the issue of the recordation of the plat and the issue of damages (which is still pending before the trial court) are so intertwined as to be inseparable. They should be disposed of in one appeal.
APPEAL DISMISSED.
PETERSON and THOMPSON, JJ., concur.
DAUKSCH, J., concurs in conclusion only, without opinion.