689 So.2d 1103 (1997)
HERNANDO COUNTY, etc., Appellant,
v.
LEISURE HILLS, INC., a Florida Corporation, Appellee.
No. 95-3273.
District Court of Appeal of Florida, Fifth District.
February 7, 1997.
Order Denying Rehearing and Certification March 21, 1997.
Robert Bruce Snow, Brooksville, for Appellant.
Gerald A. Figurski of Figurski & Harrill, Holiday, for Appellee.
HARRIS, Judge.
On January 9, 1979, the Hernando County Planning and Zoning Commission granted a conditional plat approval for Leisure Hills, Inc.'s proposed subdivision. Thereafter, in full compliance with all the requirements of the applicable ordinances and with all approvals necessary, Leisure Hills expended almost one-half million dollars to develop the subdivision in accordance with its approved plans and specifications. Finally, with the recommendation of the Planning Commission and the staff of Hernando County, Leisure Hills appeared before the Hernando County Commission in September, 1983, to get final plat approval. The County Administrator advised the Commission:
The County has reviewed the project and finds the project to be constructed according to the submitted plans. The staff is of the opinion that the concern that exists is within the lots themselves [and] since these lots are two and one-half (2-½) acres and larger in size, it is not deemed practical or environmentally sound to require the filling of the entire lot.
Further, the County staff recommended approval of the plat stating: "Improvements *1104 within the project are constructed and have been inspected and meet County standards." Nevertheless, for the first time, Leisure Hills was told that its compliance with the county's ordinances as then construed was insufficient for it to get County approval of the plat.
Referring to the election results of November 16, 1982, Commissioner Copeland stated:
And I think that we should let the developing community know that projects like this might work elsewhere and might have worked here before November 16, 1982, but are something that this board just doesn't find acceptable.
Although the policy of the County prior to the "new" Commission, as indicated by its attorney at the meeting at which plat approval was sought, was to have "the actual building lots [house site] at the road level was the technique that the Planning Department had discussed with me and that we finally tried to utilize as meeting the requirement of being positive drained," Commissioner Copeland insisted on a more stringent interpretation of the ordinance. There was no notice that a more stringent policy on the requirement of positive drainage was going to be considered by the County Commission at the meeting at which the plat approval was being sought. This previously unannounced change of policy obviously troubled the Commission's attorney, who advised it:
[I]f the County wants to get involved in having some sort of greater restrictive approval process for property in you know, in this marginal development, then the County needs to look at its regulations and write some sort of provision in them. In the absence of that, and given the fact that the Developer had proceeded to the point that he had proceeded in reliance upon the P & Z having approved his plat and expended funds on it, I would think the County would be hard put at this stage to legally tell him that he could not proceed on some sort of reasonable basis.
It is clear from the record that the Commission was looking for a way to deny the plat and settled on amending its prior policy on drainage and substituted a new policya legislative actthat the positive drainage requirement would mean that the entire lot, and not just the "pad for a house," must have a positive drain. It then rejected the plat.
This action for relief, including equitable estoppel, was filed in 1985. Because Leisure Hills did not proceed by way of certiorari, the County now asserts that the court lacked jurisdiction to hear the equitable estoppel case and to enter the challenged judgment against the County holding that it is equitably estopped to deny the platting of the subdivision. Because we agree with the trial court that equitable estoppel was proved, we will limit our discussion to the issue of jurisdiction.
The County's argument is that since the Commission's action in refusing to accept the plat was quasi-judicial, then certiorari was the only available remedy. The County relies on Board of County Commissioners of Brevard County v. Snyder, 627 So.2d 469 (Fla.1993), for this proposition. Even if Snyder always precludes an independent action for equitable relief (estoppel) if plat approval is deniedan issue we do not here considerwe are not convinced that fairness would permit Snyder to apply to a case filed some eight years before it was decided. That is particularly true here since this matter was before this court in 1994 and Hernando County raised no objection to the type of action filed or the jurisdiction of the court at that time. See Hernando County v. Leisure Hills, Inc., 648 So.2d 257 (Fla. 5th DCA 1994). Further, the County did not raise this issue when it responded to the complaint in 1985. Prior to Snyder, other courts were permitting independent actions based on equitable estoppel. Sundstrom v. Collier County, 385 So.2d 1158 (Fla. 2d DCA 1980); Sunshores, Inc. v. County of Pinellas, 351 So.2d 758 (Fla. 2d DCA 1977).
More importantly, however, we agree with Leisure Hills that the underlying action, the decisive action, taken by the Commission at the meeting at which plat approval was being sought was more legislative than judicial. The Commission did not merely apply existing policy to a particular property; it changed its policy in order to disqualify the subject property and all other similar property from plat approval in the future. And it did so without any notice to anyone. There *1105 was no reason, therefore, for Leisure Hills, Inc. to present a record for equitable estoppel at the meeting at which it sought plat approval. And while the record might establish some evidence of estoppelpreliminary plat approval and approval of plans and specificationsit would not necessarily contain evidence of oral assurances or evidence of all of the expenditures made in reliance on the County's actions. An independent, de novo hearing was required.
This case is distinguished from Grace v. Town of Palm Beach, 656 So.2d 945 (Fla. 4th DCA 1995), in that there it was argued that by granting a zoning change, the City had amended its policy relating to a separate ordinance. The Grace court explained:
According to Appellants, this permitted occupancy contravenes a separate town ordinance that does not permit living quarters in private clubs in residential neighborhoods. Appellants assert that the effect of approving the special exception was to amend the distinct code provision....
In our case, we are not merely facing an amendment to a separate ordinance by implication, we are faced with a change of policy directly related to the requirements of platting. And the changed policy was intended to apply to all of the "developing community" and to numerous other properties.
We find, therefore, that the nature of the Commission's rejection of the platbecause it failed to meet a new policy formulated simultaneously with the rejection of the plat and not because the plat failed to comply with the plans approved by the County or failed to comply with the County's ordinances as theretofore appliedwas not the application of existing policy to a particular property but rather was the formulation of a new policy which would apply to all similar property and was thus quasi -legislative and not quasi-judicial. We therefore affirm.
AFFIRMED.
DAUKSCH and THOMPSON, JJ., concur.

ON MOTION FOR REHEARING AND CERTIFICATION
Hernando County seeks rehearing of our previous opinion to correct the statement that "this matter was before this court in 1994 and Hernando County raised no objection to the type of action or the jurisdiction of the court at that time." For this observation, we cited Hernando County v. Leisure Hills, Inc., 648 So.2d 257 (Fla. 5th DCA 1994). Although not apparent from the opinion, Hernando County asserts that the issue was raised in its brief and simply not discussed in the opinion. Even so, the statement in our previous opinion herein was merely an "observation" since it did not control the outcome of this case.
Hernando County also asserts that we erred when we stated that it did not raise the issue that certiorari was the sole available remedy when it originally responded to the complaint back in 1988. We did not. Although Hernando County raised the defense that Leisure Hill's action was not commenced "within a timely fashion" under Rule 9.100, Florida Rules of Appellate Procedure, it did not assert that certiorari was the sole remedy. In fact, Hernando County asserted in another defense that "plaintiff must make an election of remedies and elect whether it is pursuing mandamus, mandatory injunction, inverse condemnation, or damages based on other theory."
In its motion that we certify the issue to the supreme court, Hernando County asserts that our opinion is in direct conflict with Park of Commerce Associates v. City of Delray Beach, 636 So.2d 12 (Fla.1994). We disagree.
In Park of Commerce, the supreme court stated:
Because the site review plan that the Delray Beach City Council denied meets the characteristics set out in Snyder, the plan was properly reviewed by certiorari. No legislative discretion was involved in determining whether the property owner complied with regulations set out in local ordinances. (Emphasis added.)
That is not true in our case. As we said in our original opinion: "The Commission did not merely apply existing policy to a particular property; it changed its policy in order to disqualify the subject property and all other *1106 similar property from plat approval in the future." This "change of policy," we believe, makes the Commission's action quasi-legislative. Although we elect not to certify the issue, if the supreme court finds a conflict, it can obviously grant certiorari.
Based on the foregoing, and with this explanation, the Motion for Rehearing and Certification is DENIED.
THOMPSON, J., concurs.
DAUKSCH, J., concurs in conclusion only.