ON MOTION TO DISMISS APPEAL

COBB, Judge.
The appellants, Sterile Products Corporation, et al. (SPC) have appealed an adverse order entered below relating to the issue of liability. The appellees, Edward W. Jones, Sr. and Sterile Assembly Systems, Inc. (SAS) have moved to dismiss the appeal on the basis that it is not within the ambit of Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv).
This case involves two lawsuits. Jones and SAS are the defendants in Orange County Circuit Court Case No. 87-8505, which was an action by SPC to enforce a non-compete agreement. The appellees apparently defended on the basis that the plaintiff lacked standing to enforce the agreement. The plaintiff obtained a temporary injunction, the entry of which was affirmed by this court without opinion. Jones v. Sterile Products Corp., 530 So.2d 315 (Fla. 5th DCA 1988). Thereafter, the trial court discharged the injunction bond and Jones and SPC appealed. This court reversed, finding no basis “which gives SPC any right or standing to enforce the non-compete agreement.” Jones v. Sterile Products Corp., 572 So.2d 519 (Fla. 5th DCA 1990), rev. denied, 583 So.2d 1037 (Fla.1991).
*629 Thereafter, Jones and SAS filed an action against SPC, Orange County Circuit Court Case No. 93-4398, asserting a claim for wrongful injunction. The trial court dismissed this claim, believing that the preliminary injunction could not have been wrongful since it was affirmed by this court. On appeal, this court reversed and remanded the wrongful injunction suit for further proceedings. Jones v. Sterile Products Corp., 658 So.2d 1099 (Fla. 5th DCA 1995).
The two cases were consolidated below and Jones and SAS moved for summary judgment on the claims on the basis that SPC lacked standing to enforce the agreement. The trial court entered an order dismissing SPC’s non-eompete claim with prejudice. The parties do not dispute that this is a final adjudication which is properly the subject of appeal. However, the trial court also granted final summary judgment on the issue of liability on Jones’ and SAS’s wrongful injunction claim, setting trial “on the issues of causation and damages only.” It is this portion of the order which SPC has also appealed pursuant to Rule 9.130(a)(3)(C)(iv) which forms the basis for the appellees’ motion to dismiss.
Rule 9.130(a)(3)(C)(iv) provides for review of non-final orders which determine “the issue of liability in favor of a party seeking affirmative relief.” In Winkelman v. Toll, 632 So.2d 130 (Fla. 4th DCA 1994), the court held that an order which merely determines entitlement to attorney’s fees without determining the amount is not appealable as an order determining the issue of liability. The appellate court explained that:
Rule 9.130(a)(3)(C)(iv), authorizes the appeal of non-final orders which determine “the” issue of liability, not “an” issue of liability.
632 So.2d at 131.
In Hernando County v. Leisure Hills, Inc., 648 So.2d 257 (Fla. 5th DCA 1994), this court quoted the passage from Winkelman approvingly in holding that a partial final judgment ruling that a landowner, Leisure Hills, was entitled to have its plat recorded but reserving jurisdiction to later order the plat recorded and address the issue of damages was not appealable under Rule 9.130(a)(3)(C)(iv). This court explained:
Although the trial court’s partial final judgment determined that Leisure Hills is entitled to part of the relief it sought, i.e., Leisure Hills is entitled to have its plat recorded, the trial court has not yet determined that Leisure Hills is entitled to all the relief it seeks, specifically, the court has not yet addressed whether Leisure Hills is entitled to an award of damages. “Rule 9.130(a)(3)(C)(iv), authorizes the appeal of non-final orders which determine ‘the’ issue of liability, not ‘an’ issue of liability.” Winkelman v. Toll, 632 So.2d 130, 131 (Fla. 4th DCA 1994)(holding that an order which merely determines “entitlement” to attorney’s fees without determining the amount of such fees is not appeal-able as an order determining the issue of liability). One issue of liability has been determined, but the intertwined second issue of liability, damages, still remains with the trial court.
The thrust of Rule 9.130 is to restrict the number of appealable non-final orders because review of non-final judgments wastes court resources and needlessly delays final judgment. Winkelman, 632 So.2d at 131 (quoting Travelers Ins. Co. v. Bruns, 443 So.2d 959 (Fla.1984)). To allow this appeal irom an order ruling that a party is entitled to a portion of the affirmative relief sought, without actually granting that relief, has the potential of generating an unnecessary number of appeals, even before a final judgment is entered. Such orders can be more efficiently reviewed at the conclusion of the trial court’s labor, particularly when the issues are inextricably intertwined. This prevents piecemeal appellate litigation.
648 So.2d at 258.
In this case, the trial court’s order leaves open for- trial the issue of causation. This issue, however, is intertwined with the issue of liability.. Thus, this is a case where the order determines an issue of liability but not the issue of liability.
*630 Accordingly, we grant the appellees’ motion and dismiss the non-final appeal as to Circuit Court Case No. 93-4398.
NON-FINAL APPEAL DISMISSED.
DAUKSCH and ANTOON, JJ., concur.