COPE, Judge.
The appellant wife, Zobeida Kalantari, appeals an interlocutory order denying a motion to set aside a antenuptial agreement. We dismiss the appeal for want of an appeal-able order.
During the pendency of dissolution of marriage proceedings, the wife challenged the voluntariness of the antenuptial agreement which she signed. Under the terms of the antenuptial agreement, she waived any rights to support or property in the event of dissolution of marriage. After an evidentiary hearing, the trial court entered an order rejecting the wife’s challenge and upheld the antenuptial agreement.
The wife took this interlocutory appeal, contending that the trial court order is one which determines “the issue of liability in favor of a party seeking affirmative relief....” Fla. R.App. P. 9.130(a)(3)(C)(iv). The wife reasons that the trial court’s ruling granted affirmative relief to the husband, namely, the enforcement of the antenuptial agreement. We disagree.
Here', the wife seeks equitable distribution.[1] The wife thus seeks affirmative financial relief while the husband interposes the antenuptial agreement by way of defense. We conclude that the order does not determine the issue of liability in favor of a party seeking affirmative relief. See Shapiro v. Shapiro, 432 So.2d 739, 740 (Fla. 4th DCA 1983).[2] Accordingly we dismiss the appeal for want of an appealable order.
As stated in Shapiro, ‘We have considered treating this case as a petition for certiorari, and although the briefs demonstrate that the trial court may have departed from the essential requirements of law, the appellant has not demonstrated that such error, if any, could not be rectified on plenary appeal.” 432 So.2d at 740 (citation omitted). Our rulings are, of course, without prejudice to the wife to raise the same issue upon appeal from the final judgment.
Appeal dismissed; certiorari denied.

. The limited record before us does not reveal whether the wife also seeks alimony.

. In addition, this court has noted that Rule 9.130(a)(3)(C)(iv) allows an appeal only where the non-final order determines all of the liability issues, because the rule requires that the order determine "the issue of liability,” Fla. R.App. P. 9.130(a)(3)(C)(iv) (emphasis added), not "an” issue of liability. See Miami Columbus, Inc. v. Ramlawi, 687 So.2d 1378, 1379 (Fla. 3d DCA), rev. denied, 697 So.2d 511 (Fla.1997). Here the order determining the validity of the antenuptial agreement will necessarily determine only the wife’s claim for equitable distribution, but not the pending claim for child support (which is not covered by the antenuptial agreement).
If. in the proceedings below the antenuptial agreement had been invoked as a bar to temporary support for the wife, then the non-final order would be appealable as one which determines "the right to immediate monetary relief or child custody in family law matters_” Fla. R.App. P. 9.130(a)(3)(C)(iii). See Shapiro, 432 So.2d at 740. However, the antenuptial agreement has not been so employed in this case.