THOMPSON, C.J.
We sua sponte dismiss this appeal.
Plaintiffs Precision Machined Engines, Inc., a machine shop business, and Rick Suggs sued Gregg E. Vanaman and Michael J. Wirthman. Count one alleged that Wirthman breached the employment contract between him and the plaintiffs. Count two alleged that Wirthman breached the non-compete portion of the employment contract by, among other things, acting as a consultant for the plaintiffs’ competitors. Count three .sought an injunction against Wirthman. Count four alleged that Vanaman, who also ran a machine shop, tortiously interfered with the plaintiffs’ business relationships with various non-party employees. Count five alleged that Vanaman tortiously interfered with the plaintiffs’ relationship with Wirthman, a Precision Machined employee who had given advice to Vanaman. The trial court entered partial summary judgment against Vanaman, ruling that he was liable for damages because he tor-tiously interfered with the business relationship between Precision Machined and Wirthman by consulting with Wirthman regarding increasing Vanaman’s ability to *584 compete with Precision Machined, and by having Wirthman inspect grinding machines and report back to Vanaman about their condition.
Rule 9.130(a)(3)(C)(iv), Florida Rules of Appellate Procedure, provides for the interlocutory appeal of an order which determines “the issue of liability in favor of a party seeking affirmative relief.” The thrust of the rule is to restrict the number of appeals from non-final orders. Travelers Ins. Co. v. Bruns, 443 So.2d 959, 961 (Fla.1984). District courts emphasize that to be appealable the order must decide the issue of liability, not an issue of liability. Sterile Products Corp. v. Jones, 702 So.2d 628 (Fla. 5th DCA 1997); Miami Columbus, Inc. v. Ramlawi, 687 So.2d 1378 (Fla. 3d DCA 1997). In Kalantari v. Kalantari, 711 So.2d 1368 (Fla. 3d DCA 1998), the court stated, citing Miami Columbus, “this court has noted that Rule 9.130(a)(3)(C)(iv) allows an appeal only where the non-final order determines all of the liability issues, because the rule requires that the order determine ‘the issue of liability,’ Fla. R.App. P. 9.130(a)(3)(C)(iv) (emphasis added), not ‘ an’ issue of liability.”
In the instant case, the order in issue is not an appealable non-final order. There is still outstanding the second interference count against Vanaman. Furthermore, all of the issues raised by the complaint, including the counts against Wirthman, involve the same set of circumstances — the relationship between Precision and its employees, and the relationship between the employees and Va-naman. To paraphrase this court in Her-nando County v. Leisure Hills, Inc., 648 So.2d 257 (Fla. 5th DCA 1994): allowing this appeal has the potential of generating an unnecessary number of appeals, even before a final judgment is entered. See Leisure Hills, Inc., 648 So.2d at 258. “Such orders can be more efficiently reviewed at the conclusion of the trial court’s labor, particularly when the issues are inextricably intertwined, and this prevents piecemeal appellate litigation.” Id. Accordingly, this cause is dismissed.
DISMISSED.
GRIFFIN and SAWAYA, JJ., concur.