Order Determining Order Denying Attorney’s Fees Entered After Final Jtidgment is Final Order

KLEIN, J.
Appellant has designated its appeal from an order denying attorney’s fees, entered after a final judgment, as an appeal of a non-final order entered after final order. Fla.R.App.P. 9.130(a)(4). In the past we have treated these appeals as both final and non-final. Sanctuary of Boca, Inc. v. Careers USA, Inc., 691 So.2d 596 (Fla. 4th DCA 1997)(final); Reliable Reprographics Blueprint & Supply, Inc. v. Fla. Mango Office Park, Inc., 645 So.2d 1040 (Fla. 4th DCA 1994)(non-final).
Whether an order is a non-final or final order can be important where a motion for rehearing has been filed, because our rules of civil procedure do not authorize motions for rehearing directed to non-final orders. If an order is non-final, a motion for rehearing does not toll the time for filing an appeal. Clearwater Fed. Sav. and Loan *1020 Ass’n v. Sampson, 336 So.2d 78, 79-80 (Fla.1976). In Sampson, after a final judgment of foreclosure, the trial court entered an order authorizing one of the parties to withdraw funds in the registry of the court. The Florida Supreme Court concluded that such an order was a final order, not a non-final order entered after final judgment, explaining:
An interlocutory order entered after judgment, post decretal, order, is not to be confused with one entered during the pendency of the proceedings before final judgment. Post decretal orders are not true interlocutory orders, and perhaps the term ‘interlocutory’ is a misnomer. Where an order after judgment is dis-positive of any question, it becomes a final post decretal order. To the extent that it completes the judicial labor on that portion of the cause after judgment, it becomes final as to that portion and should be treated as a final judgment, and, therefore, a petition for rehearing could be properly directed to such a post decretal order which constitutes a final and distinct adjudication of rights which have not been adjudicated in the original final judgment, [citation omitted]
Under Sampson, post judgment orders denying attorney’s fees and judgments awarding attorney’s fees are final orders appealable under rule 9.030(b)(1)(A).[1] We therefore redesignate this appeal as a final appeal.[2]
GROSS and TAYLOR, JJ., concur.

. A post-judgment order which determines only that a party is entitled to attorney's fees, but does not set the amount, is not appeal-able. The issue of entitlement can be raised on the appeal of the final judgment awarding fees. Winkelman v. Toll, 632 So.2d 130 (Fla. 4th DCA 1994).

. If the appellant, who assumed that this would proceed as a non-final appeal, finds it expeditious to proceed by the use of an appendix instead of a record, appellant is authorized to do so.