TORPY, J.
The sole point of contention here is the entitlement to attorney’s fees to Appellant, who prevailed in a breach of contract action. Appellant claimed fees under two theories, one contractual and the other statutory. The trial court concluded that Appellant was not entitled to fees under either theory. We affirm the trial court as to contractual entitlement, but reverse as to statutory entitlement.[1]
*1010 Appellant sold a residence to Appellee and then leased it back after closing under a written residential lease agreement. Ap-pellee breached the lease agreement, and Appellant sued for damages. After a non-jury trial, the lower court entered a judgment in favor of Appellant. The judgment awarded damages, determined that Appellant was the prevailing party for purposes of costs and reserved jurisdiction to determine entitlement to attorney’s fees.
Appellant filed a motion seeking a determination of her entitlement to attorney’s fees and costs.[2] She claimed fees based on a provision in the sale agreement and pursuant to section 83.48, Florida Statutes (2007). After a hearing, the trial court entered an order denying attorney’s fees but reserving jurisdiction to award costs. The trial court concluded that because the written lease agreement was silent on the issue of fees, no fees could be awarded under either theory. We affirm the trial court’s determination based on Appellant’s contractual theory without further discussion. We reverse as to Appellant’s statutory theory, however, because the statute affords an independent basis for fees that is not dependent upon the existence of a contractual provision. Xanadu of Cocoa Beach, Inc. v. Lenz, 504 So.2d 518 (Fla. 5th DCA 1987).
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
JACOBUS, J., concurs.
GRIFFIN, J., dissents with opinion.

. Appellee contends that we lack jurisdiction to address that aspect of the order denying fees under the statute because the court reserved jurisdiction to determine the amount of costs. Because section 83.48, Florida Statutes, arguably treats fees as costs, Appellee contends that the order is not final until the trial court sets the amount of costs. We disagree. Where, as here, an order entered after a final order is “dispositive of any question,” it becomes a final, appealable order. Caufield v. Cantele, 837 So.2d 371, 375 (Fla.2002) (emphasis added). We think entitlement to attorney's fees presents a distinct question from taxable costs, irrespective of how it is labeled in the statute. See Scruggs v. Sutton, 970 So.2d 853, 854 (Fla. 3d DCA 2007) (litigant must plead for fees under section 83.48 even though labeled costs). Even if the order is not final as to entitlement to fees under the statute, it is an appealable non-final order entered after a final order. Reliable Reprographics Blueprint & Supply, Inc. v. Fla. Mango Office Park, Inc., 645 So.2d 1040, 1042 (Fla. 4th DCA 1994). We previously attempted to make moot this issue by relinquishment of jurisdiction to the trial court for a period of sixty days. Unfortunately, the trial court did *1010 not enter a subsequent order during the period of relinquishment and no request to enlarge that period was ever received.

. Entitlement to costs had already been expressly determined in the judgment so this aspect of the motion was unnecessary and the order was redundant on this point.