DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**DAYNA BOLERA,**
Appellant,

v.

**JOHN PAPA, ROYAL PALM MEDICAL, INC.**,
**PT CENTERS OF FLORIDA, INC.**, a Florida corporation,
and **LAJT, LTD,** a Nevada corporation,
Appellees.

No. 4D12-4300

[July 9, 2014]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John Kastrenakes, Judge; L.T. Case Nos. 2009CA012909XXXXMBAB and 2009CA010003XXXMBAB.

Peter J. Malecki of C. Brooks Ricca, Jr. & Associates, P.A., West Palm Beach, for appellant.

Elliot B. Kula, Daniel M. Samson, W. Aaron Daniel of Kula & Samson, LLP, Aventura, and Jared A. Levy of Dimond, Kaplan & Rothstein, P.A., West Palm Beach, for appellees John Papa and Royal Palm Beach Medical, Inc.

PER CURIAM.

Appellant, Dayna Bolera, appeals the trial court's order granting appellees Dr. John Papa and Royal Palm Beach Medical, Inc.'s ("RPBM") verified motion to strike appellant's pleadings for fraud upon the court. The trial court's order struck, with prejudice, the third amended complaint of appellant and PT Centers of Florida, Inc. ("PTC")[1], as well as appellant's answer and affirmative defenses to appellees' complaint. The court also entered judgment on liability against appellant but ordered a future trial on damages to take place.

---

[1] PTC did not file a notice of appeal or a notice of joinder. Thus, pursuant to Florida Rules of Appellate Procedure 9.020 and 9.360, PTC is an appellee.

The portions of the order striking appellant's answer and affirmative defenses and entering judgment only on liability are non-final and non-appealable. *See, e.g.*, *Walter T. Embry, Inc. v. Lasalle Nat'l Bank*, 868 So. 2d 661, 662 (Fla. 4th DCA 2004); *Sterile Products Corp. v. Jones*, 702 So. 2d 628 (Fla. 5th DCA 1997); *Brannon v. Johnston*, 83 So. 2d 779 (Fla. 1955). We decline to address the merits of these portions of the order.

This court reviews an order dismissing a complaint for fraud upon the court under a narrowed abuse of discretion standard. *Herman v. Intracoastal Cardiology Ctr.*, 121 So. 3d 583, 588 (Fla. 4th DCA 2013). "The standard of appellate review of a 'clear and convincing finding' [by the trial court of fraud upon the court] is whether the finding is supported by competent, substantial evidence." *Id.* (citation omitted).

The multiple exhibits attached to the trial court's order provide competent, substantial evidence to support the court's findings that appellant committed a fraud upon the court. It cannot be said that the court abused its discretion in striking the third amended complaint. Thus, we affirm the portion of the order striking the complaint.

*Affirmed.*

LEVINE, CONNER, and KLINGENSMITH, JJ., concur.

\*    \*    \*

**Not final until disposition of timely filed motion for rehearing.**