# Third District Court of Appeal

## State of Florida

Opinion filed July 5, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2752
Lower Tribunal No. 10-41868
_____

**Barry Yampol,**
Appellant,

vs.

**Turnberry Isle South Condominium Association, Inc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Samantha Ruiz Cohen, Judge.

Legon Fodiman, P.A., and Todd R. Legon and Jeffrey A. Sudduth; Hicks, Porter Ebenfeld & Stein, P.A., and Cindy L. Ebenfeld (Hollywood), for appellant.

Blaxberg, Grayson, Kukoff & Forteza, P.A., and Ian J. Kukoff and I. Barry Blaxberg, for appellee.

Before LAGOA, LOGUE, and LINDSEY, JJ.

LAGOA, J.

ON MOTION TO DISMISS

Turnberry Isle South Condominium Association, Inc. ("Turnberry"), moves to dismiss Barry Yampol's ("Yampol") appeal from the trial court's Order Granting Turnberry's Motion for Reconsideration of Order and denying Yampol's Motion for Entitlement to Attorneys' Fees and Costs. Turnberry argues that the appeal is premature because the trial court's order does not set the amount of attorney's fees to which Turnberry claims it is entitled. In response, Yampol contends that this Court has jurisdiction because his appeal is based on the portion of the trial court's order denying Yampol's entitlement to attorneys' fees. We agree that dismissal is unwarranted, as this Court possesses jurisdiction to entertain this appeal.

I.    FACTUAL AND PROCEDURAL HISTORY

This is the third time that the parties in this litigation have been before this Court. The current appeal deals with a post-judgment order addressing entitlement to attorney's fees. On March 31, 2017, the trial court dismissed the underlying case for lack of prosecution. Following the order of dismissal, Yampol and Turnberry filed competing motions seeking entitlement to attorneys' fees and costs. On September 1, 2017, the trial court entered an "Order Granting [Yampol's] Motion for Entitlement to Attorneys' Fees and Costs and Denying [Turnberry's] Motion for Entitlement to Prevailing Party Attorneys' Fees and Costs" (the "First Order"). Specifically, the trial court found that based on

Florida's dual dismissal rule, Yampol was the prevailing party and was entitled to reasonable attorneys' fees. The trial court further found that Turnberry was not the prevailing party and was not entitled to its attorneys' fees and costs. The trial court reserved jurisdiction to determine the amount of the award of attorneys' fees and costs to which Yampol was entitled.

Following entry of the First Order, Turnberry filed a Motion for Reconsideration asking the trial court to: "(i) reconsider its ruling in the [First Order]; (ii) vacate the [First Order] finding Yampol is entitled to his attorney's fees; (iii) find Turnberry to be the prevailing party entitled to attorneys' fees; and (iv) grant all such other relief the Court deems just and proper." Following a hearing, the trial court on November 17, 2017, entered an "Order Granting [Turnberry's] Motion for Reconsideration" (the "Second Order"). Of significance to this appeal, the Second Order states as follows:

> [T]he Court finds that the pre-dismissal record is clear that Turnberry was awarded nearly all of the relief it demanded, and the relief was not only awarded to, but the benefit of the relief ordered was received by Turnberry. Therefore, Turnberry was the prevailing party.
> . . . .
>
> [I]t is **ORDERED AND ADJUDGED** that:
>
> 1. The Motion for Reconsideration is **GRANTED**.
> 2. [Yampol's] motion for entitlement to attorneys' fees is **DENIED.**

3

Yampol timely appealed the Second Order. In his Notice of Appeal, Yampol contends that "[t]he nature of [the Second Order] is a final order denying [Yampol's] entitlement to attorneys' fees and costs." Turnberry filed a Motion to Dismiss Appeal, arguing that the Second Order is a non-final, non-appealable order because the trial court has not set the amount of attorney's fees awarded to Turnberry. In his response, Yampol argued that dismissal is not warranted as his "appeal does not arise from an order granting entitlement to attorneys' fees to Turnberry, but rather an order denying Yampol's entitlement to attorneys' fees against Turnberry."

II.    ANALYSIS

An order granting entitlement to attorney's fees but not determining the amount of fees or costs is a non-final, non-appealable order, and such an order is subject to dismissal for lack of jurisdiction. Garcia v. Valladares, 99 So. 3d 518 (Fla. 3d DCA 2011). A post-judgment order *denying* a party's claim for entitlement to attorney's fees, however, is an appealable final order. BDO Seidman, LLP v. British Car Auctions, Inc., 789 So. 2d 1019, 1020 (Fla. 4th DCA 2001). The issue before us in this appeal is whether an order that grants one party's entitlement to fees and denies the other party's entitlement to fees is an appealable final order.

4

We find instructive our sister court's case in <u>Reliable Reprographics Blueprint & Supply, Inc. v. Florida Mango Office Park, Inc.</u>, 645 So. 2d 1040 (Fla. 4th DCA 1994). In <u>Reliable</u>, the trial court entered two separate orders—one denying the defendant's motion for attorney's fees and costs and one granting the plaintiff's motion for attorney's fees and costs. <u>Id.</u> at 1041. While the order denying the defendant's motion for attorney's fees and costs was entered two months before the order granting plaintiff's motion for attorney's fees and costs, the defendants waited to appeal both orders together. <u>Id.</u> The Fourth District dismissed the appeal of the order denying the defendant's motion for attorney's fees and costs as untimely. <u>Id.</u> at 1042. The court held that the order was an appealable, non-final order because the trial court ruled on the entire issue pertaining to the defendant's motion for attorney's fees and costs and was not required to rule on any other issue regarding the motion. <u>Id.</u>; <u>see also</u> <u>Gaccione v. Damiano</u>, 35 So. 3d 1008, 1009 n.1 (Fla. 5th DCA 2010) (noting that a portion of the trial court's order denying attorney's fees was appealable because the order was dispositive of a question of entitlement); <u>BDO Seidman</u>, 789 So. 2d at 1020 (holding that under <u>Clearwater Federal Savings & Loan Association v. Sampson</u>, 336 So. 2d 78 (Fla. 1976), post-judgment orders denying attorney's fees are final and appealable orders[1]). However, an order denying a motion for attorney's fees is

---

[1] In <u>Sampson</u>, the Florida Supreme Court stated that "[w]here an order after judgment is dispositive of any question, it becomes a final post decretal order." 336

5

not a final and appealable order when the trial court does not intend to end the judicial labor as to that order. See Scott v. Women's Med. Grp., P.A., 837 So. 2d 577, 577 (Fla. 1st DCA 2003). Thus, because the defendant in Reliable waited to appeal the order denying its motion for fees, the appeal was untimely.

Here, the trial court, in its Second Order, ruled on the entire issue of Yampol's entitlement to attorneys' fees. In denying Yampol such entitlement, no further judicial labor on the issue of the amount of attorneys' fees owed to Yampol was required. Because that portion of the Second Order denying Yampol's entitlement to attorneys' fees is an appealable order, we deny Turnberry's motion to dismiss. See id.; see also BDO Seidman, 789 So. 2d at 1020. To hold otherwise would prejudice Yampol's appellate rights.

Dismissal denied.

---

So. 2d at 79. The Court further stated that "[t]o the extent that it completes the judicial labor on that portion of the cause after judgment, it becomes final as to that portion and should be treated as a final judgment." Id.