DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANNA SCHMIDT,**
Appellant,

v.

**STEPHEN SCHMIDT,**
Appellee.

No. 4D20-1498

[June 23, 2021]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Scott Suskauer, Judge; L.T. Case No. 50-2016-DR-001222-XXXX-NB.

Ralph T. White of The Law Office of RT White, Palm Beach Gardens, for appellant.

Jean M. Henne of Jean M. Henne, P.A., Winter Haven, for appellee.

DAMOORGIAN, J.

Anna Schmidt ("Former Wife") appeals the trial court's orders denying her Urgent Motion to Suspend Timesharing and granting Stephen Schmidt's ("Former Husband") Motion for Contempt and Enforcement of Final Judgment and Parenting Plan. On appeal, Former Wife argues the trial court erred in (1) denying her motion to suspend Former Husband's timesharing; (2) finding her in contempt of the parenting plan; (3) denying her request for attorney's fees and costs; and (4) finding Former Husband was entitled to attorney's fees and costs. We affirm on the first three issues without further comment. For the reasons discussed below, we dismiss the issue regarding Former Husband's entitlement to attorney's fees as not yet ripe.

Although the trial court found that Former Husband was entitled to attorney's fees in connection with the motion for contempt, it did not award an amount. An order merely finding entitlement to attorney's fees is a non-final, non-appealable order. *See, e.g., Revier v. Revier*, 45 So. 3d 570, 571 (Fla. 4th DCA 2010) ("We dismiss [the] aspect of the final judgment as it relates to the award of attorney's fees since the trial court determined

only entitlement and reserved the determination of amount for a future day."); *Winkelman v. Toll*, 632 So. 2d 130, 131 (Fla. 4th DCA 1994) ("[O]rders granting attorney's fees without determining amount are not ripe for appellate review."); *Wolf v. Wolf*, 296 So. 3d 479, 489 (Fla. 2d DCA 2020) ("An order that determines entitlement to attorney's fees without a determination of the amount is a nonappealable, nonfinal order."). Accordingly, we dismiss without prejudice the aspect of the order awarding attorney's fees. *See Anglia Jacs & Co. v. Dubin*, 783 So. 2d 1155, 1155 (Fla. 4th DCA 2001).

*Affirmed in part and dismissed in part.*

KUNTZ and ARTAU, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

2